**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

|  |  |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **GREGORY E. LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED,** <br><br> Defendants. | Case No. 22-cv-715 |

### DEFENDANT GREGORY E. LINDBERG'S ANSWER TO COMPLAINT

Defendant Gregory E. Lindberg ("Lindberg"), by and through his attorneys, answers the Complaint (the "Complaint") of the United States Securities and Exchange Commission (the "Commission" or "SEC"), as follows:

### ANSWER TO ALL ALLEGATIONS UNDER THE HEADING, "SUMMARY"

1.  In response to Paragraph 1 of the Complaint, Lindberg denies (a) that he was involved in any scheme to defraud, (b) that he had any advisory clients; (c) that he had any fiduciary duty to any advisory clients, (c) that he engaged in any undisclosed related-party transactions, (d) that he misappropriated any client funds, and (e) that he wrongfully obtained any funds. To the extent that there are remaining allegations in Paragraph 1, Lindberg also denies those allegations.

2.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg denies the allegations of Paragraph 2 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the allegations.

3.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations of Paragraph 3 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the allegations.

4.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations of Paragraph 4 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the allegations.

5.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required,

Lindberg denies the allegations of Paragraph 5 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the allegations.

6.      This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies that the allegations of Paragraph 6 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the allegations.

7.      This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 7 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the allegations.

8.      This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 8 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the allegations.

9.      This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 9 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the allegations.

10.      This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 10 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the allegations.

11.      Lindberg admits he asserted his Fifth Amendment rights related to the SEC's investigation following the SEC's refusal to accept any of Lindberg's repeated offers to provide information to the SEC. To the extent that there are remaining allegations in Paragraph 11, Lindberg denies those allegations to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the allegations.

12.     Lindberg admits that the Commission is seeking permanent injunctions, disgorgement, and civil penalties pursuant to the Advisers Act.

## ANSWER TO ALL ALLEGATIONS UNDER THE HEADING, "JURISDICTION AND VENUE"

13.     Admitted

14.     Admitted.

15.     Lindberg admits that venue is proper in this court. Lindberg denies the remaining allegations in Paragraph 15.

16.     Lindberg admits that the complaint alleges the conduct referenced above. Lindberg denies the remaining allegations in Paragraph 16 to the extent they are directed at him.  Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the allegations.

17.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 17 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is

5

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the allegations.

## ANSWER TO ALL ALLEGATIONS UNDER THE HEADING, "DEFENDANTS"

18.     Lindberg admits that he (a) is 52 years old, (b) was a resident of Durham, North Carolina during the period described in the Complaint, (c) was the founder of Eli Global (d) he was a director of SASL and member of SASL's investment committee from 2017 through 2018, (e) was a board member for each NC Insurance company for a portion of the relevant period described in the Complaint, and (f) entered into an agreement with the Commission to toll or suspend the running of the statute of limitations from July 1, 2022 through September 28, 2022. To the extent that there are remaining allegations in Paragraph 18, Lindberg denies those allegations.

19.     The allegations of Paragraph 19 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the allegations.

20.     Lindberg admits that he was a director of SASL and member of SASL's investment committee from 2017 through 2018. To the extent any additional allegations in Paragraph 20 are directed at Lindberg, he denies the allegations. To the extent a response is required to any allegations not directed at Lindberg, he is without knowledge or

6

information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the allegations.

## ANSWER TO ALL ALLEGATIONS UNDER THE HEADING, "RELATED ENTITIES"

21.     The allegations of Paragraph 21 are not directed at Lindberg, and therefore no answer is required. Lindberg admits that the NC Insurance Companies are North Carolina domiciled insurance or reinsurance companies with a principal place of business in Durham, North Carolina. Further answering, Lindberg admits that he was the ultimate beneficial owner of the NC Insurance Companies during the relevant period described in the Complaint.  To the extent that there are remaining allegations in Paragraph 21, Lindberg denies those allegations.

22.     Lindberg admits that the NC Insurance Companies consented to an Order of Rehabilitation by the Superior Court of Wake County, North Carolina. To the extent paragraph 22 characterizes any pleadings in that proceeding, such filings speak for themselves. To the extent that there are remaining allegations in Paragraph 22, Lindberg denies those allegations.

23.     The allegations of Paragraph 23 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that he was the ultimate beneficial owner of PBLA during the relevant period described in the Complaint. To the extent that there are remaining allegations in Paragraph 23, Lindberg is

7

without knowledge or information sufficient to form a belief as to the truth of the allegations in, and therefore denies the allegations.

24. The allegations of Paragraph 24 are not directed at Lindberg, and therefore no answer is required. To the extent paragraph 24 characterizes any pleadings in that proceeding, such filings speak for themselves. To the extent that there are remaining allegations in Paragraph 24, Lindberg denies those allegations.

25. Lindberg admits (a) he founded Eli Global in 1991, (b) he and his team grew Eli Global over the intervening twenty-six years into a privately-held consortium of approximately 100 operating companies, (c) Eli Global was headquartered in Durham, North Carolina, and (d) Eli Global acquired and invested in various industries including healthcare, publishing, insurance, cybersecurity, and addiction treatment. To the extent that there are remaining allegations in Paragraph 25, Lindberg denies those allegations.

26. Lindberg admits (a) he was the ultimate beneficial owner of Global Bankers Insurance Group, LLC ("GBIG"), which was a North Carolina limited liability company with its principal place of business in Durham, North Carolina, (b) that GBIG managed various insurance companies through an independent executive management team with around 100 supporting employees, (c) GBIG was formerly known as Southland National Holdings, Inc., and (d) GBIG is currently known as Aspida Financial Services, LLC. To the extent that there are remaining allegations in Paragraph 26, Lindberg denies those allegations.

8

27.     Lindberg admits (a) that AFA is a North Carolina domiciled limited liability company with its principal place of business in Durham, North Carolina, and (b) that Lindberg was the ultimate beneficial owner of AFA. To the extent that there are remaining allegations in Paragraph 27, Lindberg denies those allegations.

## ANSWER TO ALL ALLEGATIONS UNDER THE HEADING, "FACTS"

28.     Lindberg admits companies of which he was the ultimate beneficial owner began acquiring insurance and reinsurance companies in 2014. To the extent that there are remaining allegations in Paragraph 28, Lindberg denies those allegations.

29.     Lindberg admits Southland National Holdings, Inc., d/b/a GBIG, of which he was the ultimate beneficial owner, had acquired SNIC, BLIC, SNRC, and CBL by mid-2017 and these companies were domiciled in North Carolina. Further answering, Lindberg further admits that CBL sold insurance products to consumers following its acquisition by GBIG.   Lindberg denies that SNIC or SNRC sold insurance products to consumers following their acquisition and/or creation by GBIG.   Lindberg further admits that these four companies operated as insurance and/or reinsurance companies during the relevant period described in the Complaint. To the extent that there are remaining allegations in Paragraph 29, Lindberg denies those allegations.

30.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.   To the extent a response is required, Lindberg admits that Lindberg was the ultimate beneficial owner of the NC Insurance

Companies. To the extent that there are remaining allegations in Paragraph 30, Lindberg denies those allegations.

31. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg admits that he was the ultimate beneficial owner of the NC Insurance Companies. To the extent that there are remaining allegations in Paragraph 31, Lindberg denies those allegations.

32. Lindberg admits he was a board member for each NC Insurance company and member of the investment committee for the relevant period described in the Complaint. To the extent that there are remaining allegations in Paragraph 32, Lindberg denies those allegations to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the allegations.

33. Lindberg admits (a) Global Bankers Insurance Group ("GBIG") was utilized to manage certain insurance companies, (b) that GBIG, through its independent executive management team and staff of nearly 100 managed the day-to-day business of the NC Insurance Companies and PBLA, and (c) that some individuals fulfilled roles for both GBIG and Eli Global. To the extent that there are remaining allegations in Paragraph 33, Lindberg denies those allegations.

34.     Lindberg admits that GBIG's independent executive management team and staff of nearly 100 employees located in Durham, North Carolina oversaw the day-to-day business of the NC Insurance Companies. To the extent that there are remaining allegations in Paragraph 34, Lindberg denies those allegations.

35.     The allegations of Paragraph 35 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies the allegations.

36.     The allegations of Paragraph 36 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that the NC Insurance Companies were required to abide by North Carolina insurance laws regarding the nature and amount of their investments.  To the extent that there are remaining allegations in Paragraph 36, Lindberg denies those allegations.

37.     The allegations of Paragraph 37 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that the NC Insurance Companies were required to abide by North Carolina insurance laws regarding the nature and amount of their investments.  To the extent that there are remaining allegations in Paragraph 37, Lindberg denies those allegations.

38.     Lindberg admits that he was the ultimate beneficial owner of PBLA. Lindberg further admits that PBLA entered into a reinsurance agreement and reinsurance

11

trust agreement in June 2017. To the extent that there are remaining allegations in Paragraph 38, Lindberg denies those allegations.

39.     Lindberg admits that PBLA reinsured certain life insurance and annuities ULICO issued to policy holders in exchange for payment from ULICO. Further answering, Lindberg admits that he was the ultimate beneficial owner of PBLA. To the extent that there are remaining allegations in Paragraph 39, Lindberg denies those allegations.

40.     The allegations of Paragraph 40 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the allegations.

41.     The allegations of Paragraph 41 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies the allegations.

42.     The allegations of Paragraph 42 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the allegations.

43.     Lindberg admits SASL was formed in February 2016 as an investment adviser that ultimately provided services to affiliated and unaffiliated entities but denies

that SASL provided services only to his affiliated entities. To the extent that there are remaining allegations in Paragraph 43, Lindberg denies those allegations.

44.    The allegations of Paragraph 44 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies the allegations.

45.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 45.

46.    The allegations of Paragraph 46 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg denies that the "Investment Advisory Services Agreements" were between SASL and the NC Insurance Companies as any such allegation directly contradicts the plain language of the agreements attached to the SEC's Response to Lindberg's Motion to Dismiss. *See* Dkt. No. 21, Ex. A. Further, to the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore denies the allegations.

47.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Defendant denies the allegations in Paragraph 47 to the extent they are directed at him.

13

Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies the allegations.

48.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.   To the extent a response is required, Lindberg denies the allegations in Paragraph 48 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies the allegations.

49.     The allegations of Paragraph 49 are not directed at Lindberg, and therefore no answer is required.  To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the allegations.

50.     The allegations of Paragraph 50 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies the allegations.

51.     Lindberg denies the allegations in Paragraph 51 to the extent they are directed at him to the extent they are directed at him.  Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies the allegations.

52.     The allegations of Paragraph 52 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies the allegations.

53.     The allegations of Paragraph 53 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies the allegations.

54.     This paragraph does not require a response because it purports to characterize the Investment Advisory Committee Charter, which speaks for itself. To the extent a response is required, Lindberg denies the allegations in Paragraph 54 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies the allegations.

55.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. Lindberg denies the allegations in Paragraph 55 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies the allegations.

56. The allegations of Paragraph 56 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg denies that the NC Insurance Companies paid SASL advisory fees under the "Investment Advisory Services Agreements" as any such allegation directly contradicts the plain language of the agreements attached to the SEC's Response to Lindberg's Motion to Dismiss. *See* Dkt. No. 21, Ex. A. To the further extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies the allegations.

57. The allegations of Paragraph 57 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg denies that the NC Insurance Companies paid SASL advisory fees under the "Investment Advisory Services Agreements" as any such allegation directly contradicts the plain language of the agreements attached to the SEC's Response to Lindberg's Motion to Dismiss. *See* Dkt. No. 21, Ex. A. To the further extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies the allegations.

58. The allegations of Paragraph 58 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge

16

or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies the allegations.

59. Lindberg denies that SASL received millions of dollars in fees from the NC Insurance Companies because any such allegation directly contradicts the plain language of the agreements attached to the SEC's Response to Lindberg's Motion to Dismiss. *See* Dkt. No. 21, Ex. A. Further answering, Lindberg denies that SASL disseminated millions of dollars in fees to him. To the further extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies the allegations.

60. The allegations of Paragraph 60 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg denies that the NC Insurance Companies paid SASL advisory fees because any such allegation directly contradicts the plain language of the agreements attached to the SEC's Response to Lindberg's Motion to Dismiss. *See* Dkt. No. 21, Ex. A. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies the allegations.

61. The allegations of Paragraph 61 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies the allegations.

62.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg admits (a) that SASL made loans to PBX Bermuda Limited and Standard Financial Limited, and (b) that Lindberg was a signatory on the loan agreements and a related SASL resolution.  To the extent that there are remaining allegations in Paragraph 63, Lindberg denies those allegations.

64.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg admits that SASL made loans to BRCB Barbados (Holding) Limited and Standard Financial Limited.  To the extent that there are remaining allegations in Paragraph 64, Lindberg denies those allegations.

65.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg admits that SASL made a total four loans to Standard Financial Limited, PBX Bermuda Limited, and BRCB Barbados (Holding) Limited.  To the extent that there are remaining allegations in Paragraph 65, Lindberg denies those allegations.

66. The allegations of Paragraph 66 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies the allegations.

67. The allegations of Paragraph 67 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies the allegations.

68. The allegations of Paragraph 68 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies the allegations.

69. The allegations of Paragraph 69 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that the NC Insurance Companies were required to abide by North Carolina insurance laws regarding the nature and amount of their investments or receive approvals from the NC DOI's Commissioner to deviate from such requirements. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies the allegations.

70.     Lindberg admits that the Board for each NC Insurance Company approved all investments, and otherwise denies the remaining allegations in Paragraph 70 to the extent they are directed at him.  Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies the allegations.

71.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg admits that the NC DOI permitted the NC Insurance Companies to invest up to 40% of each insurance companies' total assets in affiliated entities but denies the characterization that such investments "exceeded North Carolina statutory limits."  Indeed, there were no "statutory limits" in North Carolina on insurance companies' affiliated investments until 2019, after the relevant period described in the Complaint.  *See* NC Gen Stat § 58-19-10 (2021).  Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies the allegations.

72.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 72.

73.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required,

20

Lindberg admits that the NC Insurance Companies purchased notes issued by SPVs. Lindberg denies the remaining allegations in Paragraph 73. To the extent the allegations in Paragraph 73 are not directed at Lindberg, he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and therefore denies the allegations.

74.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg admits that the NC Insurance Companies agreed to reduce the NC Insurance Companies' investments in the SPV structures. To the extent Paragraph 74 contains additional allegations directed at Lindberg, he denies those allegations. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies the allegations.

75.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 75 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 75 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations of Paragraph 75, and therefore denies the allegations.

76. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 76 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 76 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations of Paragraph 76, and therefore denies the allegations.

77. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 77 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 77 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations of Paragraph 77, and therefore denies the allegations.

78. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 78 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 78 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information

sufficient to form a belief as to the truth of the allegations in the remaining allegations of Paragraph 78, and therefore denies the allegations.

79. The allegations of Paragraph 79 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies the allegations.

80. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 80 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 80 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations of Paragraph 80, and therefore denies the allegations.

81. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 81 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 81 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations of Paragraph 81, and therefore denies the allegations.

82.    The allegations of Paragraph 82 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies the allegations.

83.    Lindberg denies that he referred to the difference between BACV and par as "profits." Answering further, the remaining allegations in Paragraph 83 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and therefore denies the allegations.

84.    The third sentence of Paragraph 84 does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg denies that AFA was inserted into transactions to divert cash to him for the benefit of him and his other businesses. Answering further, no answer is required to the allegations in Paragraph 84 not directed at Lindberg.  To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84, and therefore denies the allegations.

85.    Lindberg admits that in the course of his duties he (a) was one of the signatories to a "Commitment Transaction Advice" memorandum along with multiple other Eli Global and GBIG executives, and (b) was a signatory to the transaction documents

24

effectuating the transactions described in Paragraph 85. Lindberg denies the remaining allegations in Paragraph 85 to the extent they are directed at him. Answering further, no answer is required to the allegations in Paragraph 85 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and therefore denies the allegations.

86.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg denies the allegations in Paragraph 86 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 86 not directed at Lindberg. To the extent a response is required, Lindberg denies that the NC Insurance Companies paid SASL investment advisory fees as any such allegation directly contradicts the plain language of the agreements attached to the SEC's Response to Lindberg's Motion to Dismiss.  *See* Dkt. No. 21, Ex. A.  To the further extent that a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86, and therefore denies the allegations.

87.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg denies that he misappropriated funds.  Answering further, Lindberg denies the remaining allegations in Paragraph 87.

88.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the characterization of the SPV-to-FinCo transactions. Further answering, Lindberg denies that details of the SPV-to-FinCo transactions were concealed from the Boards of the NC Insurance Companies and denies the existence of any conflict of interest requiring disclosure to the Boards. Answering further, no answer is required to the allegations in Paragraph 88 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, and therefore denies the allegations.

89.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 89 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 89 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89, and therefore denies the allegations.

90.     This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 90 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 90 not directed at Lindberg. To the

extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90, and therefore denies the allegations.

91.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg denies the allegations in Paragraph 91 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 91 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91, and therefore denies the allegations.

92.    Lindberg denies the characterization of the PBLA Trust Agreement, which speaks for itself. Lindberg also denies the remaining allegations in Paragraph 92 to the extent that they are directed at him. Answering further, no answer is required to the allegations in Paragraph 92 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, and therefore denies the allegations.

93.    Lindberg denies the allegations in paragraph 93 to the extent they are directed at him.  Answering further, no answer is required to the allegations in Paragraph 93 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, and therefore denies the allegations.

94.    The allegations of Paragraph 94 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies the allegations.

95.    Lindberg admits that he was the ultimate beneficial owner of Southland National Holdings, Inc. during the relevant period described in the Complaint.  Answering further, Lindberg denies that he "directed, authorized, and caused PBLA to purchase $18 million of preferred equity in Southland National Holdings, Inc."  Lindberg denies the remaining allegations in Paragraph 95 that are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies the allegations.

96.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  Lindberg denies the allegations in Paragraph 96 that are directed at him.  Answering further, no answer is required to the allegations in Paragraph 96 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, and therefore denies the allegations.

28

97.     Lindberg admits that in the course of his duties he was one of the signatories to documents authorizing certain PBLA investments, along with multiple other Eli Global and GBIG executives, but denies the remainder of the allegations in the first sentence of Paragraph 97 to the extent they purport to classify investments as "affiliated." Answering further, Lindberg admits that in the course of his duties he was one of the signatories to closing instructions for AFA, Standard Financial Limited, and Standard Malta Holdings Limited. Lindberg further admits that in the course of his duties he executed certain "Commitment Transaction Advice" memoranda on behalf of PBLA along with multiple other Eli Global and GBIG executives. Lindberg denies the remaining allegations in Paragraph 97 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 97 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and therefore denies the allegations.

98.     Lindberg admits that in the course of his duties he was one of the signatories to documents authorizing certain PBLA investments, along with multiple other Eli Global and GBIG executives. Lindberg denies the remaining allegations in Paragraph 98 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 98 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and therefore denies the allegations.

99.     Lindberg admits that in the course of his duties he was one of the signatories to certain transactions documents necessary to effectuate the investments described in Paragraph 99, along with multiple other Eli Global and GBIG executives.  Lindberg denies the remaining allegations in Paragraph 99 that are directed at him.  Answering further, no answer is required to the allegations in Paragraph 99 not directed at Lindberg.  To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and therefore denies the allegations.

100.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg denies the allegations in Paragraph 100 that are directed at him.  Answering further, no answer is required to the allegations in Paragraph 100 not directed at Lindberg.  To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100, and therefore denies the allegations.

101.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.  To the extent a response is required, Lindberg denies the allegations in Paragraph 101 that are directed at him.  Answering further, no answer is required to the allegations in Paragraph 101 not directed at Lindberg.  To the extent a response is required, Lindberg is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and therefore denies the allegations.

102. The allegations of Paragraph 102 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies the allegations.

103. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 103 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 103 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103, and therefore denies the allegations.

104. Lindberg admits that in the course of his duties he was one of the signatories to certain transactions documents necessary to effectuate the investments described in Paragraph 104, along with multiple other Eli Global and GBIG executives. Lindberg denies the remaining allegations in Paragraph 104 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 104 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information

31

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104, and therefore denies the allegations.

105. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 105 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 105 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and therefore denies the allegations.

106. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the remaining allegations in Paragraph 106 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 106 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106, and therefore denies the allegations.

107. The allegations of Paragraph 107 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that certain Repos remained on the PBLA's balance sheet as of February 2022 as a result of, among other occurrences, the Chapter 15 bankruptcy filing of PBLA in the Southern District of

32

New York. To the further extent a response is required, Lindberg denies the remaining allegations in Paragraph 107 directed at him. Answering further, no answer is required to the allegations in Paragraph 107 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107, and therefore denies the allegations.

108. This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion. To the extent a response is required, Lindberg denies the allegations in Paragraph 108 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 108 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and therefore denies the allegations.

109. Lindberg denies the allegations in Paragraph 109 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 109 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and therefore denies the allegations.

110. Lindberg denies the allegations in Paragraph 110 that are directed at him. Answering further, no answer is required to the allegations in Paragraph 110 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or

33

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, and therefore denies the allegations.

111.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.    To the extent a response is required, Lindberg denies the allegations in Paragraph 111 that are directed at him.    Answering further, no answer is required to the allegations in Paragraph 111 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and therefore denies the allegations.

112.    This paragraph does not require a response because it purports to characterize Plaintiff's claims and state a legal conclusion.    To the extent a response is required, Lindberg denies the allegations in Paragraph 112 that are directed at him.    Answering further, no answer is required to the allegations in Paragraph 112 not directed at Lindberg. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and therefore denies the allegations.

113.    The allegations of Paragraph 113 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that the Commissioner of Insurance of the State of North Carolina filed a Verified Petition For An Order of Rehabilitation for SNIC, BLIC, SNRC, and CBL on June 27, 2019.

114. The allegations of Paragraph 114 are not directed at Lindberg, and therefore no answer is required. Further, this paragraph does not require a response because it purports to characterize the Petition, which speaks for itself. Lindberg respectfully refers the Court to the Petition for the context of the quotation and the content of the source.

115. Lindberg admits the allegations in this paragraph to the extent they are directed at him. Answering further, no answer is required to the allegations in Paragraph 115 not directed at Lindberg.

116. The allegations of Paragraph 116 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that the Order issued by the Wake County Superior Court, which speaks for itself, placed the NC Insurance Companies into rehabilitation and appointed the NC DOI Commissioner as rehabilitator for the NC Insurance Companies. Lindberg respectfully refers the Court to the Order for the content of the source.

117. The allegations of Paragraph 117 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies the allegations.

118. The allegations of Paragraph 118 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that the NC Insurance Companies remain in rehabilitation because the NC DOI has refused to even

35

discuss any plan proposed by Mr. Lindberg and/or Global Growth for the NC Insurance Companies to exit rehabilitation.

119.    The allegations of Paragraph 119 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies the allegations.

120.    The allegations of Paragraph 120 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies the allegations.

121.    The allegations of Paragraph 121 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies the allegations.

122.    The allegations of Paragraph 122 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg admits that a Chapter 15 proceeding involving PBLA is currently pending before the Southern District of New York Bankruptcy Court.  Lindberg respectfully refers the Court to that proceeding for the content of the source.

## ANSWER TO ALL ALLEGATIONS UNDER THE HEADING, "COUNT I"

36

123.    Lindberg incorporates by reference his answers to Paragraphs 1 through 122.

124.    Lindberg denies the allegations in Paragraph 124 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies the allegations.

125.    Lindberg denies the allegations in Paragraph 125 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies the allegations.

126.    Lindberg denies the allegations in Paragraph 126 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies the allegations.

## ANSWER TO ALL ALLEGATIONS UNDER THE HEADING, "COUNT II"

127.    Lindberg incorporates by reference his answers to Paragraphs 1 through 126.

128.    The allegations of Paragraph 128 are not directed at Lindberg, and therefore no answer is required. To the extent a response is required, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies the allegations.

129.    Lindberg denies the allegations in Paragraph 129 to the extent they are directed at him.   Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies the allegations.

130.    Lindberg denies the allegations in Paragraph 130 to the extent they are directed at him. Further answering, to the extent that the allegations relate to other defendants, Lindberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and therefore denies the allegations.

## LINDBERG'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Lindberg was not an investment adviser as defined in the Investment Advisers Act of 1940 ("Advisers Act").

### SECOND AFFIRMATIVE DEFENSE

2.    Lindberg complied with the securities laws and the SEC rules and regulations at all relevant times, acted in good faith throughout, and did not engage in any transaction, practice or course of business which operated as a fraud or deceit upon a client or a prospective client.

### THIRD AFFIRMATIVE DEFENSE

3.    The transactions alleged in the Complaint did not present conflicts of interest.

### FOURTH AFFIRMATIVE DEFENSE

4.     Lindberg's disclosures were sufficient and did not omit material facts.

## FIFTH AFFIRMATIVE DEFENSE

5.     Lindberg has not breached any fiduciary duty.

## SIXTH AFFIRMATIVE DEFENSE

6.     The Complaint alleges claims that are not supported by and contrary to statute, regulation, and case law precedent during the Relevant Period.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Lindberg complied with securities laws, rules, and regulations, acted in good faith, and did not engage in any transaction, practice, or course of business which operated as a fraud or deceit upon an advisory client or a prospective advisory client.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Lindberg did not act negligently, or with the requisite scienter, and performed his role consistent with the proper standard of care for other individuals in similar circumstances.

## NINTH AFFIRMATIVE DEFENSE

9.     Lindberg did not receive ill-gotten gains needed to justify disgorgement.

## TENTH AFFIRMATIVE DEFENSE

10.     The imposition of civil penalties is not appropriate, justified, or in the public interest.

39

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Injunctive relief is not appropriate or justified as there is no reasonable likelihood of continued or future violations of the Investment Advisers Act of 1940 by Lindberg.

## RESERVATION OF DEFENSES

Lindberg reserves the right to amend or supplement this Answer, including, without limitation, the right to assert additional affirmative and other defenses as this action progresses.

WHEREFORE, Defendant, Gregory E. Lindberg, respectfully requests that this Court:

1.     Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.     Deny Plaintiff's request for monetary damages;

3.     Award Lindberg his reasonable attorney's fees and costs for defending against this action; and

4.     Grant such other relief as the Court deems just and reasonable.

This 27th day of December, 2022.

/s/ **Ryan J. Meyer**

Ryan J. Meyer, #24088053
ryan.meyer@katten.com
Barrett R. Howell, #24032311
barrett.howell@katten.com
Katten Muchin Rosenman LLP
2121 N. Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone: +1.214.765.3600
Facsimile: +1.214.765.3602


Michael J. Diver, #6236968
michael.diver@katten.com
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: +1.312.902.5200
Facsimile:  +1.312.902.1061

/s/ **L. Cooper Harrell**

Allison Mullins
N.C. State Bar No. 23430
L. Cooper Harrell
N.C. State Bar No. 27875
TURNING POINT LITIGATION
MULLINS DUNCAN HARRELL &
RUSSELL PLLC
300 North Greene Street, Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
amullins@turningpointlit.com
charrell@turningpointlit.com

Attorneys for Defendant Gregory E.
Lindberg

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022, I electronically filed the foregoing Defendant

Gregory Lindberg's Answer with the Clerk of the Court using the CM/ECF system which

will serve all counsel of record.


 This 27th day of December, 2022.

/s/ **L. Cooper Harrell**

L. Cooper Harrell
Allison Mullins

Attorney for Defendant Gregory E. Lindberg