IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:22-CV-715 |
| GREGORY E. LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The SEC sued defendants Gregory E. Lindberg, Christopher Herwig, and Standard Advisory Services Limited (SASL) for allegedly defrauding the clients of their investment advisory business. The defendant SASL moves to dismiss the complaint, asserting that the complaint fails to plead with particularity SASL's role in the alleged fraudulent schemes. The motion will be denied.

According to the complaint, SASL was registered with the SEC as an investment adviser from 2016 to 2019. Doc. 1 at ¶ 20. Mr. Lindberg created SASL "for the purpose of providing investment advisory services to his" various insurance companies, *id*. at ¶ 43, and he directed his companies "to use SASL as their investment adviser." *Id*. ¶ 45. Both Mr. Lindberg and Mr. Herwig served as directors and as investment committee members for SASL. *Id*. at ¶ 20. Mr. Lindberg and Mr. Herwig acted on behalf of SASL

as its agents, and through SASL they controlled the investment decisions of these insurance companies. *Id.* at ¶ 47.

In return for investment advice, the insurance companies paid SASL advisory fees, which over time totaled over twenty million dollars. *See id.* at ¶¶ 56, 60–61. SASL eventually transferred these funds to Mr. Lindberg or his entities through dividends or loans. *Id.* at ¶¶ 59, 62–68.

The SEC alleges that SASL breached its fiduciary duties and violated § 206(1) and (2) of the Investment Advisers Act by recommending and entering into transactions that were not in its clients' best interests. *Id.* at ¶¶ 2, 123–26.

Under § 206(1), it is unlawful for investment advisers to use the mails or interstate commerce "to employ any device, scheme, or artifice to defraud any client or prospective client." 15 U.S.C. § 80b-6(1); *see also SEC v. Peters*, 17-CV-630, 2021 WL 1112387, at *6 (E.D.N.C. Mar. 22, 2021). Under § 206(2), it is unlawful for investment advisers to use the mails or interstate commerce "to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client." 15 U.S.C. § 80b-6(2); *see also Peters*, 2021 WL 1112387, at *6. The SEC can enforce these provisions by, *inter alia*, a civil lawsuit seeking monetary penalties and injunctive relief. *See* 15 U.S.C. § 80b-9(d)–(e).

SASL contends that the complaint against it should be dismissed because it lacks "particularized allegations tying Lindberg's and Herwig's alleged conduct to SASL" and only contains allegations that "Lindberg and Herwig acted on behalf of other entities," not SASL. Doc. 23 at 20. But the SEC alleges that Mr. Lindberg and Mr. Herwig, "as

2

agents of SASL, managed and controlled" the investment decisions of their clients. Doc. 1 at ¶ 47. The complaint summarizes the material investment recommendations that Mr. Lindberg and Mr. Herwig provided to SASL clients, *see, e.g.*, *id.* at ¶¶ 6–7, 9, and provides substantial detail on the series of fraudulent transactions they committed as SASL's agents. *Id.* at ¶¶ 55, 62–68, 72–111. The SEC also alleges that SASL received millions of dollars in fees for the investment recommendations made by Mr. Lindberg and Mr. Herwig. *Id.* at ¶¶ 56, 60–61.

SASL also contends that the complaint is conclusory "as to what SASL supposedly did, or failed to do, in breach of its fiduciary duties." Doc. 23 at 24. The complaint alleges that SASL had a fiduciary duty to make full and fair disclosures of all material facts to its clients and to serve its clients' best interests at all times, Doc. 1 at ¶¶ 4, 50, and that it did not do so by, *inter alia*, acting in its own best interests and by raiding its clients' assets through a series of fraudulent and improper schemes. *Id.* at ¶ 5. And, as the Court has previously held, "the complaint describes the alleged fraud in substantial detail, identifying the alleged transactions that constitute the fraudulent scheme, how the transactions benefited the defendants and caused losses to those to whom they owed fiduciary duties, and specifying the actions the defendants took to conceal those transactions and accomplish the fraud." Doc. 28 at 1.

SASL also contends that "there simply was no concealed 'scheme' to defraud, as SASL's alleged clients always knew of the intricacies of the transactions." Doc. 23 at 27. The complaint alleges otherwise, *see, e.g.*, Doc. 1 at ¶ 6, and this dispute is better evaluated on a more developed factual record. SASL's motion to dismiss will be denied.

3

It is **ORDERED** that the defendant Standard Advisory Services Limited's motion to dismiss, Doc. 22, is **DENIED**.

As this case has been pending for several months while various motions to dismiss were briefed and decided, and as it is apparent that the parties and counsel are well familiar with the facts and issues, it is further **ORDERED** that:

1. SASL shall file answer no later than January 23, 2023;

2. The matter is referred to the Magistrate Judge to hold an initial pre-trial conference as early in February 2023 as her schedule allows.

3. The parties shall provide their Rule 26(a) initial disclosures no later than January 30, 2023.

4. The parties are reminded of the terms of the Court's supplemental standard order entered October 21, 2022.

This the 6th day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE

4

Case 1:22-cv-00715-CCE-JEP   Document 35   Filed 01/06/23   Page 4 of 4