# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-715 |
| GREGORY E. LINDBERG, *et al.*, | |
| Defendants. | |

## DEFENDANT CHRISTOPHER HERWIG'S
## AMENDED ANSWER TO COMPLAINT

Defendant Christopher Herwig ("Herwig"), by undersigned counsel, hereby files his Amended Answer to the Complaint of The Securities and Exchange Commission ("SEC" or "Plaintiff"), stating as follows:[1]

### SUMMARY[2]

1. Herwig denies (a) that he had any advisory clients, (b) that he had any fiduciary duty to any advisory clients, and (c) that he breached any fiduciary duty to any alleged advisory clients. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint that pertain to any other Defendant and therefore denies the same.

---

[1] This Amended Answer clarifies Herwig's responses to certain of the paragraphs in the Complaint.

[2] The Complaint contains numerous headings and subheadings that are not part of a numbered paragraph. Herwig is not required to respond to such headings and subheadings because they are not factual allegations. *See* Fed. R. Civ. P. 10 (providing that parties must use numbered paragraphs for their claims and defenses).

2.     Herwig denies that (a) he had any advisory clients, (b) he had any fiduciary duty to any advisory clients, and (c) he breached any fiduciary duty to any alleged advisory clients.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint that pertain to any other Defendant and therefore denies the same.

3.     Herwig admits that Lindberg[3] owned the NC Insurance Companies and PBLA.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint that pertain to any other Defendant and therefore denies the same.

4.     Herwig admits that Lindberg caused the NC Insurance Companies and PBLA to enter into investment advisory agreements with SASL.  Except specifically admitted, Herwig denies the allegations in Paragraph 4 of the Complaint as they pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 of the Complaint that pertain to any other Defendant and therefore denies the same.

5.     Herwig denies the allegations in Paragraph 5 of the Complaint as they pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint that pertain to any other Defendant and therefore denies the same.

6.     Herwig admits that, in his role at the NC Insurance Companies, was involved with the repackaging of certain of the NC Insurance Companies' existing

---

[3] Unless otherwise indicated, all undefined capitalized terms herein will have the meaning ascribed to them in the Complaint.

investments into new structured investments, and that these transactions resulted in proceeds that were used to fund the acquisition and operation of other Lindberg entities. Except as specifically admitted, Herwig denies the allegations in Paragraph 6 of the Complaint as they pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint that pertain to any other Defendant and therefore denies the same.

7.      Herwig admits that he, Lindberg, and others, in their roles at PBLA, caused PBLA to purchase securities issued by Lindberg affiliates and enter into a series of Repos issued by Lindberg affiliates to fund Lindberg's other ventures, and that these Repos were not intended to be, and were not, repaid within 90 days. Except as specifically admitted, Herwig denies the allegations in Paragraph 7 of the Complaint as they pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint that pertain to any other Defendant and therefore denies the same.

8.      Herwig denies (a) that he had any advisory clients, (b) that he had any fiduciary duty to any advisory clients, and (c) that he breached any fiduciary duty to any alleged advisory clients. Except as specifically admitted, Herwig denies the allegations in Paragraph 8 of the Complaint as they pertain to Him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint that pertain to any other Defendant and therefore denies the same.

9.      Herwig admits that SASL loaned millions of dollars to other entities Lindberg owned. Except as specifically admitted, Herwig lacks knowledge or

3

information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint that pertain to any other Defendant and therefore denies the same.

10. Herwig admits that the NC Insurance Companies were placed into receivership and that PBLA filed for bankruptcy. Except as specifically admitted, Herwig denies the allegations in Paragraph 10 of the Complaint.

11. Herwig admits he asserted his Fifth Amendment rights related to the SEC's investigation. Except as specifically admitted, Herwig denies the allegations in Paragraph 11 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint that pertain to any other Defendant and therefore denies the same.

12. Herwig admits that Plaintiff purports to bring this action alleging violations of the Advisers Act and seeks relief thereunder. Herwig denies that he violated the Advisers Act and further denies that Plaintiff is entitled to the relief it seeks.

## JURISDICTION AND VENUE

13. Herwig admits that Plaintiff purports to bring this action alleging violations of the Advisers Act and seeks relief thereunder. Herwig denies that he violated the Advisers Act and further denies that Plaintiff is entitled to the relief it seeks.

14. Herwig admits the allegations in Paragraph 14 of the Complaint.

15. Herwig admits that venue is proper in this district. Except as specifically admitted, Herwig denies the allegations in Paragraph 15 of the Complaint.

16. Herwig denies the allegations in Paragraph 16 of the Complaint as they pertain to him. Herwig lacks knowledge or information sufficient to form a belief about

4

the truth of the allegations in Paragraph 16 of the Complaint that pertain to any other Defendant and therefore denies the same.

17.     Herwig denies the allegations in Paragraph 17 of the Complaint as they pertain to him.  Herwig further denies that Plaintiff is entitled to an injunction.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint that pertain to any other Defendant and therefore denies the same.

18.     Herwig admits that (a) Lindberg is 52 years old; (2) Lindberg was a resident of Durham, North Carolina during the period described in the Complaint; (3) Lindberg owned and/or controlled various entities in the Eli Global family of companies, including Eli Global, a privately owned investment company headquartered in Durham, North Carolina, and SASL; (4) Lindberg owned and/or controlled PBLA; and (5) during the relevant time period in the Complaint, Lindberg was on the board of the NC Insurance Companies and was a director of SASL.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19.     Herwig admits that he (a) is 43 years old, (b) is a resident of Raleigh, North Carolina,  (c) was the CIO for Eli Global, (d) was the CIO of the NC Insurance Companies, (e) was a board member for each NC Insurance Company and chair of the investment committee  (f) held various roles at SASL for the relevant period described in the Complaint, and (g) entered into an agreement with the SEC to toll or suspend the

5

running of the statute of limitations for a period of 90 days. Except as specifically admitted, Herwig denies the allegations in Paragraph 19 of the Complaint.

20.     Herwig admits that (a) SASL is a Malta based investment adviser that was registered with the SEC, (b) Lindberg indirectly owns SASL, and (c) Herwig held various roles at SASL. Except as specifically admitted, Herwig denies the allegations in Paragraph 20 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint that pertain to any other Defendant and therefore denies the same.

## RELATED ENTITIES

21.     Herwig admits that the NC Insurance Companies are North Carolina domiciled insurance or reinsurance companies with a principal place of business in Durham, North Carolina and that Lindberg was the ultimate beneficial owner of the NC Insurance Companies during the relevant period described in the Complaint. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22.     Herwig admits that the NC Insurance Companies consented to an Order of Rehabilitation by the Superior Court of Wake County, North Carolina. To the extent that Paragraph 22 of the Complaint characterizes any filings in that proceeding, Herwig admits that such filings speak for themselves and denies any allegations or

characterizations inconsistent therewith. Except as specifically admitted, Herwig denies the allegations in Paragraph 22 of the Complaint.

23. Herwig admits that (a) PBLA is a Bermuda based insurance company beneficially owned by Lindberg; (b) PBLA entered into a June 30, 2017 coinsurance reinsurance agreement with ULICO, a Puerto Rico stock life insurance company; and (c) Lindberg was the ultimate beneficial owner of PBLA during the relevant period described in the Complaint. To the extent that Paragraph 23 of the Complaint characterizes the terms of the PBLA-ULICO co-insurance reinsurance agreement, Herwig admits that such agreement speaks for itself and denies any allegations or characterizations inconsistent therewith. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. Herwig admits that the Supreme Court of Bermuda granted a petition filed by the Bermuda Monetary Authority to wind up the business operations of PBLA. To the extent that Paragraph 24 characterizes any filings in that proceeding, Herwig admits that such filings speak for themselves and denies any allegations or characterizations inconsistent therewith. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. Herwig admits that (a) Lindberg founded Eli Global; (b) Eli Global was a privately held consortium of approximately 100 companies; (c) Eli Global was headquartered in Durham, North Carolina; and (d) Eli Global acquired and invested in

7

various industries including healthcare, publishing, insurance, cybersecurity, and addiction treatment. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and therefore denies the same.

## FACTS

28. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, which do not pertain to him, and therefore denies the same.

29. Herwig admits that the Lindberg owned and controlled the NC Insurance Companies, which sold products such as life insurance policies and annuities to consumers. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, which do not pertain to him, and therefore denies the same.

31. Herwig admits that Lindberg owned and controlled the NC Insurance Companies through a holding company. Except as specifically admitted, Herwig lacks

8

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.     Herwig admits that (a) he served as a board member, the Chief Investment Officer, and the Chair of the Investment Committee for each of the NC Insurance Companies; and (b) Lindberg was on the board of the NC Insurance Companies. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, which do not pertain to him, and therefore denies the same.

34.     Herwig admits that the NC Insurance Companies operated out of Durham, North Carolina. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35.     Herwig admits the allegations in Paragraph 35 of the Complaint.

36.     Herwig admits the allegations in Paragraph 36 of the Complaint.

37.     Herwig admits that the NC Insurance Companies were required to abide by North Carolina insurance laws regarding the nature and amount of their investments. To the extent that that Paragraph 37 characterizes any investment policies and/or guidelines of the NC Insurance Companies, Herwig admits that such documents speak for themselves and denies any allegations or characterizations inconsistent therewith. Except

9

as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and therefore denies the same.

38.     Herwig admits that PBLA entered into a reinsurance agreement and a trust agreement with ULICO.  Herwig admits these agreements speak for themselves and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint that pertain to another Defendant, and therefore denies the same.

39.     Herwig admits that the PBLA Reinsurance Agreement and the PBLA Trust Agreement speak for themselves and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Complaint, which do not pertain to him, and therefore denies the same.

40.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies the same.

41.     Herwig admits that the PBLA Trust Agreement set forth numerous requirements governing the nature and amount of the investments PBLA could make. Herwig further admits that the PBLA Trust Agreement speaks for itself and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted,

Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 of the Complaint and therefore denies the same.

42.     Herwig admits that PBLA's Investment Guidelines speaks for themselves and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 of the Complaint and therefore denies the same.

43.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44.     Herwig admits that SASL was registered with the SEC as an investment adviser.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint and therefore denies the same.

45.     Herwig admits that Lindberg caused the NC Insurance Companies and PBLA to enter into investment advisory service agreements with SASL.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 of the Complaint and therefore denies the same.

46.     Herwig admits that Lindberg caused the NC Insurance Companies and PBLA to enter into investment advisory service agreements with SASL.  Herwig further admits that the Investment Advisory Services Agreements speak for themselves and denies any allegations or characterizations inconsistent therewith.  Except as specifically

11

admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46 of the Complaint and therefore denies the same.

47.     Herwig admits that, in his role at the NC Insurance Companies and PBLA, he had certain authority with regards to investment decisions made by those companies. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint that pertain to any other Defendant and therefore denies the same.

48.     Herwig denies the allegations in Paragraph 48 of the Complaint as they pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint that pertain to any other Defendant and therefore denies the same.

49.     Herwig admits that SASL was registered with the SEC as investment adviser.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint that pertain to any other Defendant and therefore denies the same.

50.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint, which do not pertain to him, and therefore denies the same.

51.     Herwig denies that he had any fiduciary duties to any advisory clients. Herwig admits that SASL's policies and procedures speak for themselves and denies any allegations or characterizations inconsistent therewith.  Herwig lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint that pertain to any other Defendant and therefore denies the same.

52.     Herwig admits that SASL's Compliance Manual and Code of Ethics speaks for itself and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, which do not pertain to him, and therefore denies the same.

53.     Herwig admits that SASL's Compliance Manual and Code of Ethics speaks for itself and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint, which do not pertain to him, and therefore denies the same.

54.     Herwig admits that SASL's Investment Advisory Committee Charter speaks for itself and denies any allegations or characterizations inconsistent therewith. Except as specifically admitted, Herwig denies the allegations in Paragraph 54 of the Complaint as they pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 54 of the Complaint that pertain to any other Defendant and therefore denies the same.

55.     Herwig denies that he had or breached any fiduciary duties to any advisory clients.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 55 of the Complaint that pertain to any other Defendant and therefore denies the same.

56.     Herwig admits that the NC Insurance Companies and PBLA paid SASL investment advisory fees.  Herwig further admits that the Investment Advisory Services Agreements speak for themselves and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56 of the Complaint, which do not pertain to him, and therefore denies the same.

57.     Herwig admits that the  November 3, 2017 Investment Advisory Services Agreement speaks for itself and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint, which do not pertain to him, and therefore denies the same.

58.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint, which do not pertain to him, and therefore denies the same.

59.     Herwig admits that the NC Insurance Companies and PBLA paid SASL millions in investment advisory fees and that SASL loaned monies to Lindberg and/or Lindberg affiliated entities.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 59 of the Complaint, which do not pertain to him, and therefore denies the same.

14

60.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint and therefore denies the same.

61.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint, which do not pertain to him, and therefore denies the same.

62.     Herwig admits that SASL loaned monies from the investment advisory fees it received to Lindberg and/or Lindberg affiliated entities.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Complaint, which do not pertain to him, and therefore denies the same.

63.     Herwig admits that SASL loaned monies to Lindberg and/or Lindberg affiliated entities.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint, which do not pertain to him, and therefore denies the same.

64.     Herwig admits that SASL loaned monies to Lindberg and/or Lindberg affiliated entities.  Herwig admits that the documents Plaintiff references in Paragraph 64 of the Complaint speak for themselves and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted,  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint that pertain to any other Defendant and therefore denies the same.

65.     Herwig admits that SASL loaned monies to Lindberg and/or Lindberg affiliated entities.  Except as specifically admitted, Herwig lacks knowledge or

15

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 of the Complaint and therefore denies the same.

66.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint, which do not pertain to him, and therefore denies the same.

67.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, which do not pertain to him, and therefore denies the same.

68.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, which do not pertain to him, and therefore denies the same.

69.     Herwig admits the allegation in Paragraph 69 of the Complaint.

70.     Herwig admits that the board of directors for each NC Insurance Company were required to approve all investments.  Except as specifically admitted, Herwig denies the allegations in Paragraph 70 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 70 of the Complaint that pertain to any other Defendant and therefore denies the same.

71.     Herwig admits that the NC DOI permitted the NC Insurance Companies to invest up to 40% of each insurance companies' total assets in affiliated entities but denies the characterization that such investments "exceeded North Carolina statutory limits." Indeed, there were no "statutory limits" in North Carolina on insurance companies'

16

affiliated investments until 2019, after the relevant period described in the Complaint. *See* NC Gen Stat § 58-19-10 (2021). Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 71 of the Complaint and therefore denies the same.

72. Herwig denies the allegations in the first sentence of Paragraph 72 of the Complaint that pertain to him. Herwig admits that he executed various documents in his roles at certain Lindberg entities. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint that pertain to any other Defendant and therefore denies the same.

73. Herwig denies the allegations in the first sentence of Paragraph 73 of the Complaint that pertain to him. Herwig admits that the NC Insurance Companies purchased notes issued by SPVs and that certain pass-through entities loaned money to entities Lindberg owned or controlled. Except as specifically admitted, Herwig denies the allegations in Paragraph 73 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73 of the Complaint that pertain to any other Defendant and therefore denies the same.

74. Herwig admits that, in fall 2017, the NCDOI issued findings regarding the NC Insurance Companies' investments, which the NC Insurance Companies objected to, and that the NC Insurance Companies agreed to reduce the NC Insurance Companies' investments in the SPV structure. Except as specifically admitted, Herwig denies the

17

allegations in Paragraph 74 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 74 of the Complaint that pertain to any other Defendant and therefore denies the same.

75.     Herwig admits that the certain of the NC Insurance Companies' investments were repackaged into new structured investments referred to as FinCos, and that certain of the FinCos were capitalized with loans from Lindberg's insurance companies. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75 of the Complaint, which do not pertain to him, and therefore denies the same.

76.     Herwig admits that the certain of the NC Insurance Companies' investments were repackaged into new structured investments referred to as FinCos and that the plan was to offer the notes to insurers through brokers. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 76, which do not pertain to him, and therefore denies the same.

77.     Herwig admits that the FinCos were controlled by Lindberg and that Herwig and others effectively served as the portfolio managers for the FinCos. Except as specifically admitted, Herwig denies the allegations in Paragraph 77 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief

18

about the truth of the remaining allegations that pertain to any other Defendant and therefore denies the same.

78.    Herwig admits that Lindberg caused a FinCo funded with insurance company money to purchase a home, Morning Mountain, in North Carolina. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint, which relate to another Defendant, and therefore denies the same.

79.    Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint and therefore denies the same.

80.    Herwig denies that he had or breached any fiduciary duties to any advisory clients. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Complaint that pertain to any other Defendant and therefore denies the same.

81.    Herwig admits that AFA played a role in the transactions involving the FinCos and the SPVs, and that Herwig, in his role at the NC Insurance Companies, approved certain transactions involving AFA. Except as specifically admitted, Herwig denies the allegations in Paragraph 81 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint that pertain to any other Defendant and therefore denies the same.

82.    Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the complaint and therefore denies the same.

19

83.     Herwig admits that the certain of the NC Insurance Companies' investments were repackaged into new structured investments referred to as FinCos, which were controlled by Lindberg.  Except as expressly admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint, which do not pertain to him, and therefore denies the same.

84.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Complaint, which do not pertain to him, and therefore denies the same.

85.     Herwig admits that  in the course of his duties at the NC Insurance Companies, he executed "Commitment Transaction Advice" memoranda and other transactional documents similar to those described in Paragraph 85 of the Complaint. Herwig admits that the documents referenced in Paragraph 85 of the Complaint, which are not attached to the Complaint, speak for themselves, and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig denies the allegations in Paragraph 85 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint that pertain to any other Defendant and therefore denies the same.

86.     Herwig admits that, in his role with the NC Insurance Companies, he was involved with a number of transactions in which the NC Insurance Companies' investments were repackaged into new structured investments referred to as FinCos, and

that resulting monies were funneled to Lindberg and/or Lindberg affiliated entities. Herwig denies misappropriating $57 million from the NC Insurance Companies. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86 of the Complaint, which do not pertain to him, and therefore denies the same.

87.     Herwig admits that Lindberg used the monies resulting from the FinCo transactions to fund Lindberg's other ventures. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint, which do not pertain to him, and therefore denies the same.

88.     Herwig denies the allegations in the first sentence of Paragraph 88 of the Complaint. Herwig admits that he did not disclose any purported conflicts of interest and other information regarding certain transactions to the NC Insurance Companies' Boards. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88 of the Complaint, which do not pertain to him, and therefore denies the same.

89.     Herwig admits that, in his role at the NC Insurance Companies, he sometimes put the interest of Lindberg and Lindberg's entities ahead of the NC Insurance Companies' interests. Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Complaint that pertain to any other Defendant and therefore denies the same.

90.     Herwig admits that the monies that resulted from the Repo transactions involving the PBLA trust was used to finance Lindberg's other business ventures. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Complaint that pertain to any other Defendant and therefore denies the same.

91.     Herwig denies that he had or breached any fiduciary duties to any advisory clients.   Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91 of the Complaint, which do not pertain to him, and therefore denies the same.

92.     Herwig admits that the PBLA Trust Agreement speaks for itself and denies any allegations or characterizations inconsistent therewith.   Except as specifically admitted, Herwig denies the allegations in Paragraph 92 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Complaint that pertain to any other Defendant and therefore denies the same.

93.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint and therefore denies the same.

94.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint, which do not pertain to him, and therefore denies the same.

95.     Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Complaint and therefore denies the same.

96.     Herwig admits that the PBLA Trust Agreement speaks for itself and denies any allegations or characterizations inconsistent therewith.   Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint and therefore denies the same.

97.     Herwig admits that, in the course of his duties at PBLA, he executed certain documents related to the transactions described in Paragraph 97 of the Complaint. Except as specifically admitted, Herwig denies the allegations in Paragraph 97 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Complaint that pertain to any other Defendant and therefore denies the same.

98.     Herwig admits that, in the course of his duties at PBLA, he executed certain documents related to the transactions described in Paragraph 98 of the Complaint. Except as specifically admitted, Herwig denies the allegations in Paragraph 98 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint that pertain to any other Defendant and therefore denies the same.

99.     Herwig admits that, in the course of his duties at PBLA, he executed certain documents related to the transactions described in Paragraph 99 of the Complaint. Except as specifically admitted, Herwig denies the allegations in Paragraph 99 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Complaint that pertain to any other Defendant and therefore denies the same.

23

100.    Herwig denies that he had or breached any fiduciary duty to any advisory clients.  Herwig admits that the PBLA Trust Agreement speaks for itself and denies any allegations or characterizations inconsistent therewith.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Complaint that pertain to any other Defendant and therefore denies the same.

101.    Herwig denies that he had or breached any fiduciary duty to any advisory clients.  Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Complaint that pertain to any other Defendant and therefore denies the same.

102.    Herwig admits that PBLA entered into a series of Repos with various entities affiliated with Lindberg, which were structured as short-term 90-day transactions, in connection with Lindberg's planned acquisition of another large insurance company.  Except as specifically admitted, Herwig lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 102 of the Complaint and therefore denies the same.

103.    Herwig admits that he, Lindberg, and others, in their roles at PBLA, caused PBLA to enter into a series of Repos with various entities affiliated with Lindberg, which were structured as short-term 90-day transactions.  Except as specifically admitted, Herwig denies the remaining allegations in Paragraph 103 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth

24

of the remaining allegations in Paragraph 103 of the Complaint and therefore denies the same.

104. Herwig admits that, in the course of his duties at PBLA, he executed certain documents related to the authorization and approval of the transactions described in Paragraph 104. Herwig admits that any documents referenced in Paragraph 104 of the Complaint, to the extent they exist, speak for themselves, and denies any allegations or characterizations inconsistent therewith. Except as specifically admitted, Herwig denies the allegations in Paragraph 104 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations that pertain to any other Defendant and therefore denies the same.

105. Herwig admits that he approved certain Repo transactions in his role at PBLA. Herwig further admits that the PBLA Trust Agreement and Investment Guidelines speak for themselves and denies any allegations or characterizations inconsistent therewith. Except as specifically admitted, Herwig denies the allegations in Paragraph 105 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint that pertain to any other Defendant and therefore denies the same.

106. Herwig admits that, although the Repos were structured as short-term 90-day transactions, they were not intended to be, and were not, repaid within 90 days; rather, they were "renewed" or "rolled over" multiple times because Lindberg planned to use the funds to acquire another large insurance company. Except as specifically admitted, Herwig denies the remaining allegations in Paragraph 106 of the Complaint

25

that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 of the Complaint that pertain to any other Defendant and therefore denies the same.

107. Herwig admits that certain 90-day Repos remained on PBLA's balance sheet through at least March 2019. Except as specifically admitted, Herwig denies the allegations in Paragraph 107 of the Complaint.

108. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Complaint that pertain to any other Defendant and therefore denies the same.

109. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Complaint, which do not pertain to him, and therefore denies the same.

110. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Complaint, which do not pertain to him, and therefore denies the same.

111. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Complaint, which do not pertain to him, and therefore denies the same.

112. Herwig denies the allegations in Paragraph 112 of the Complaint that pertain to him. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 that pertain to any other Defendant and therefore denies the same.

26

113. Herwig admits the allegations in Paragraph 113 of the Complaint.

114. Herwig admits that the Petition speaks for itself and denies any allegations or characterizations inconsistent therewith. Except as specifically admitted, Herwig denies the allegations in Paragraph 114 of the Complaint.

115. Herwig admits that the NC Insurance Companies consented to the rehabilitation. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 of the Complaint that pertain to any other Defendant and therefore denies the same.

116. Herwig admits that on June 27, 2019, the Wake County Superior Court issued a Rehabilitation Order placing the NC Insurance Companies into rehabilitation and appointed the NC DOI Commissioner as rehabilitator for the NC Insurance Companies. Herwig admits that the Rehabilitation Order speaks for itself and denies any allegations or characterizations inconsistent therewith. Except as specifically admitted, Herwig denies the allegations in Paragraph 116 of the Complaint.

117. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 of the Complaint, which do not pertain to him, and therefore denies the same.

118. Herwig admits the allegations in Paragraph 118 of the Complaint.

119. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 of the Complaint and therefore denies the same.

120. Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 of the Complaint and therefore denies the same.

121.    Herwig admits that the Bermuda Monetary Authority filed a petition on behalf of PBLA to the Supreme Court of Bermuda seeking the winding up of PBLA and the appointment of a liquidator of PBLA and that the Supreme Court of Bermuda appointed Deloitte Ltd. as PBLA's Joint Provisional Liquidator.  Except as specifically admitted, Herwig denies the remaining allegations in Paragraph 121 of the Complaint.

122.    Herwig admits the allegations in Paragraph 122 of the Complaint.

### COUNT I
### *Violation of Sections 206(1) and 206(2)*
### *of the Advisers Act*

123.    Herwig incorporates by reference his answers to Paragraphs 1 through 122.

124.    Herwig denies the allegations in Paragraph 124 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations that pertain to any other Defendant and therefore denies the same.

125.    Herwig denies the allegations in Paragraph 125 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations that pertain to any other Defendant and therefore denies the same.

126.    Herwig denies the allegations in Paragraph 126 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations that pertain to any other Defendant and therefore denies the same.

## COUNT II
### Aiding and Abetting Violations of
### Sections 206(1) and (2) of the Advisers Act

127.    Herwig incorporates by reference his answers to Paragraphs 1 through 126.

128.    Herwig lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128 and therefore denies the same.

129.    Herwig denies the allegations in Paragraph 129 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations that pertain to any other Defendant and therefore denies the same.

130.    Herwig denies the allegations in Paragraph 130 of the Complaint that pertain to him.  Herwig lacks knowledge or information sufficient to form a belief about the truth of any allegations that pertain to any other Defendant and therefore denies the same.

## PRAYER FOR RELIEF

Herwig denies that Plaintiff is entitled to any of the relief it seeks.

## GENERAL DENIAL

Herwig denies each and every allegation of the Complaint not specifically and specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.    For his first affirmative defense, Herwig alleges that the Complaint fails to state a claim upon which relief can be granted.

29

2. For his second affirmative defense, Herwig alleges that Plaintiff has failed to allege its fraud-based claims with the requisite particularity.

3. For his third affirmative defense, Herwig alleges that Plaintiff's claims are barred, in whole or in part, to the extent those claims seek to impose on Herwig any duties or obligations that are inconsistent with or in excess of those imposed by law, if any.

4. For his fourth affirmative defense, Herwig alleges that he did not act as an investment adviser as defined in the Investment Advisers Act of 1940 ("Advisers Act").

5. For his fifth affirmative defense, Herwig alleges that Herwig did not owe or breach any fiduciary duties to any investment advisory clients.

6. For his sixth affirmative defense, Herwig alleges that he, at all relevant times, complied in good faith with the securities laws and the SEC rules and regulations; did not engage in any transaction, practice, or course of business which operated as a fraud or deceit upon an advisory client or a prospective advisory client; and at no time acted knowingly, willfully, intentionally, negligently, or recklessly with respect to any matter alleged in the Complaint.

7. For his seventh affirmative defense, Herwig alleges that he did not knowingly, recklessly, or negligently provide substantial assistance to SASL in connection with any violations of the Advisers Act by SASL.

8. For his eighth affirmative defense, Herwig alleges that his disclosures were sufficient and did not omit any material facts.

9.    For his ninth affirmative defense, Herwig alleges that Plaintiff's claims are barred, in whole or in part, on the grounds that Herwig did not act at negligently or with the requisite scienter or intent to deceive, manipulate, or defraud.

10.    For his tenth affirmative defense, Herwig alleges that Plaintiff's claims are barred, in whole or in part, because material information alleged to have been omitted was in fact adequately disclosed to and/or otherwise known to any purported investment advisory clients.

11.    For his eleventh affirmative defense, Herwig alleges the purported investment advisory clients had full knowledge of all material facts and information and did not rely on any alleged act or representation by Herwig.

12.    For his twelfth affirmative defense, Herwig alleges that his conduct did not cause or substantially contribute to the losses or damages complained of in the Complaint, as any such losses or damages were due to the negligent, reckless, intentional, willful, or fraudulent acts or omissions of third parties.

13.    For his thirteenth affirmative defense, Herwig alleges that he did not receive ill-gotten gains needed to justify disgorgement

14.    For his fourteenth affirmative defense, Respondent alleges that the imposition of civil penalties against Herwig is not appropriate, justified, or in the public interest.

15.    For his fifteenth affirmative defense, Herwig alleges that Plaintiff's claims are barred in whole or in part, because Plaintiff has an adequate remedy at law, Plaintiff has not satisfied the prerequisites for injunctive relief, and injunctive relief is neither

appropriate nor justified because there is no reasonable likelihood that Herwig will commit any future violation of the Advisers Act.

## **RESERVATION OF DEFENSES**

Herwig reserves the right to amend or supplement this Answer, including, without limitation, the right to assert additional affirmative and other defenses as this action progresses.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered and responded to the allegations in the SEC's Complaint, Herwig respectfully requests that this Court

1.      Dismiss the SEC's claims against him, with prejudice in their entirety;

2.      Deny Plaintiff's request for monetary damages; and

3.      Grant such other relief in favor of Herwig as the Court deems just and reasonable.

Dated: January 11, 2023

**WOMBLE BOND DICKINSON (US) LLP**
/s/ Claire Rauscher
Claire Rauscher (Bar No. 21500)
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037
Telephone:  (704) 331-4961
Facsimile:  (704) 331-4955
Email:  Claire.Rauscher@wbd-us.com

Britt Biles (admitted *pro hac vice*)
2001 K Street, NW, Suite 400 South
Washington, DC 20006
Telephone: (202) 857-4484
Facsimile: (202) 261-0029
Email: Britt.Biles@wbd-us.com

*Counsel for Defendant Christopher Herwig*

33

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2023 the foregoing **DEFENDANT CHRISTOPHER HERWIG AMENDED ANSWER TO COMPLAINT** was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and serve all CM/ECF recipients.

*/s/ Claire Rauscher*
Claire Rauscher
