# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff(s),

vs.

GREGORY E. LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED,

    Defendants.

Case No. 22-cv-715

## DEFENDANT STANDARD ADVISORY SERVICES LIMITED'S ANSWER TO COMPLAINT

Defendant Standard Advisory Services Limited ("SASL"), for its answer to the United States Securities and Exchange Commission's Complaint (ECF No. 1, "Complaint"), responds through counsel to each corresponding paragraph of the Complaint as follows:

No response is required to the headings or to the unnumbered introductory paragraph that precedes paragraph 1 of the Complaint. To the extent any response is required, they are denied. Except as admitted explicitly in this answer, all allegations of the Complaint are denied.

1. The allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

2. The allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

3. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph, therefore denied. The remaining allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied.

4. Admitted that Lindberg owned SASL. SASL lacks knowledge or information sufficient to form a belief as to whether Lindberg directed insurance companies to enter into investment advisory services agreements with SASL, therefore that allegation is denied. Admitted that SASL is a Malta-based investment adviser that was registered with the United States Securities and Exchange Commission ("SEC"). The remaining allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

5. The allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

6. The allegations in the first, fifth, and last sentences of this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied.

SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

7. Admitted only that PBLA[1] was, at one point, SASL's client. The remaining allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

8. Admitted only that SASL received advisory fees from clients, otherwise denied as to SASL. The remaining allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied.

9. Admitted only that SASL made loans to companies owned or controlled by Lindberg and that SASL issued dividends; denied that Herwig received a salary from SASL and otherwise denied as to SASL. The remaining allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied.

10. The allegations in the first sentence of this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

---

[1] Capitalized terms not defined herein have the meaning assigned in the Complaint.

11. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

12. To the extent the allegations purport to state legal conclusions, no response is required; if any further response is required, SASL denies these allegations. SASL admits that the Plaintiff is seeking a permanent injunction, disgorgement, and civil penalties pursuant to the Advisers Act but denies that the Plaintiff is entitled to such, or any, relief.

13. SASL admits that the Plaintiff is seeking a permanent injunction, disgorgement, and civil penalties pursuant to the Investment Advisers Act of 1940, but denies that the Plaintiff is entitled to such, or any, relief.

14. Admitted.

15. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation, therefore these allegations are denied.

16. Denied as to SASL. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as they pertain to Lindberg or Herwig, therefore these allegations are denied as to regarding Lindberg or Herwig.

17. Denied as to SASL. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as they pertain to Lindberg or Herwig, therefore these allegations are denied as to regarding Lindberg or Herwig.

18. Admitted that Lindberg ultimately owned SASL, served as a director of SASL, and was a member of SASL's investment committee. SASL lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegation in this paragraph, therefore these allegations are denied.

19. Admitted that Herwig served as a director of SASL, was a member of SASL's investment committee, and acted as SASL's portfolio manager; denied that Herwig received compensation from SASL. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation in this paragraph, therefore these allegations are denied.

20. Denied as to the allegation that SASL is currently licensed by the Malta Financial Service Authority. Admitted as to the remaining allegations.

21. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

22. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

23. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

24. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

25. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

26. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

27. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

28. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph, therefore this allegation is denied.

29. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

30. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

31. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

32. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

33. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

34. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

35. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

36. The allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied.

37. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

38. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

39. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

40. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

41. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

42. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

43. Admitted that Lindberg formed SASL in or about February 2016 and that SASL provided investment advice to certain entities affiliated with Lindberg. SASL lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegation regarding the purpose of Lindberg's formation of SASL, therefore these allegations are denied. All remaining allegations, and any allegations inconsistent with the foregoing, are denied.

44. Admitted.

45. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph," therefore these allegations are denied.

46. Admitted that SASL and PBLA entered into a written investment advisory agreement. That agreement speaks for itself, and the allegations of this paragraph are denied to the extent that they are inconsistent with the terms of the agreement. Denied that SASL provided services pursuant to any written investment advisory agreements directly with the NC Insurance Companies. All remaining allegations, to the extent that this paragraph contains any, are denied.

47. Denied that Lindberg and Herwig's status as agents of SASL enabled them to manage or control PBLA or the NC Insurance Companies' investments or that the acts alleged within this paragraph were performed in their capacity as SASL's agents. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore all remaining allegations are denied.

48. The allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

49. Admitted.

50. The allegations in this paragraph are the Plaintiff's characterizations of the law and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied.

51. Admitted that SASL had policies and procedures, which speak for themselves. The allegations of this paragraph are denied to the extent that they are inconsistent with the terms of SASL's policies and procedures.

52. SASL's Compliance Manual and Code of Ethics speaks for itself. The allegations of this paragraph are denied to the extent that they are inconsistent with, or an incomplete recitation of, SASL's Compliance Manual and Code of Ethics.

53. SASL's Compliance Manual and Code of Ethics speaks for itself. The allegations of this paragraph are denied to the extent that they are inconsistent with, or an incomplete recitation of, SASL's Compliance Manual and Code of Ethics.

54. SASL's Investment Advisory Committee Charter speaks for itself. The allegations of this paragraph are denied to the extent that they are inconsistent with, or an incomplete recitation of, SASL's Investment Advisory Committee Charter.

55. The allegations in this paragraph are the Plaintiff's characterizations of the law and its claims and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

56. Admitted that SASL received payments from PBLA. The Investment Advisory Services Agreements speak for themselves. The allegations of this paragraph are denied to the extent that they are inconsistent with, or an incomplete recitation of, the referenced Investment Advisory Services Agreements. All remaining allegations are denied.

57. The November 3, 2017 Investment Advisory Services Agreement and any other advisory agreement relied upon in this paragraph speak for themselves, and the allegations of this paragraph are denied to the extent that they are inconsistent with the terms of such agreements.

9

58. Admitted that, at certain times, SASL received advisory fees of 1.00% per annum of PBLA's total assets.

59. Admitted that SASL received payments from PBLA and further admitted that SASL issued dividends and made loans to Lindberg-affiliated entities, otherwise denied.

60. Denied that the NC Insurance Companies paid SASL.

61. Admitted.

62. Admitted that certain SASL funds were distributed to Lindberg-affiliated entities. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, therefore these allegations are denied.

63. Admitted that SASL made two loans totaling $17,900,000 to Lindberg-affiliated entities. The attributes and terms of the loan agreements between SASL and other entities speak for themselves, therefore the allegations in this paragraph are denied to the extent that they are inconsistent with such agreements.

64. Admitted that SASL made two loans totaling $16,816,695 to Lindberg-affiliated entities. The attributes and terms of the loan agreements between SASL and other entities speak for themselves, therefore the allegations in this paragraph are denied to the extent that they are inconsistent with such agreements.

65. Admitted that SASL made loans to Lindberg-affiliated entities. The terms of any loan agreements between SASL and other entities speak for themselves, therefore the allegations in this paragraph are denied to the extent that they are inconsistent with such agreements.

66. Admitted that SASL made dividends, otherwise denied.

67. Admitted that SASL made dividends, otherwise denied.

68. Admitted that SASL made dividends, otherwise denied.

69. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

70. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

71. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

72. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

73. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

74. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

75. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

76. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and the referenced diagram, therefore these allegations are denied.

77. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

78. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

79. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

80. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

81. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

82. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, including in Diagram 2, therefore these allegations are denied.

83. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

84. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

85. Admitted that SASL prepared investment recommendation letters regarding certain of the NC Insurance Companies, which speak for themselves. The allegations of this paragraph are denied to the extent that they are inconsistent with the such letters. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

86. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, including in Table 1, therefore these allegations are denied.

87. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

88. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

89. To the extent the allegations purport to state legal conclusions, no response is required. If any further response is required, these allegations are denied as to SASL..

90. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

91. To the extent the allegations purport to state legal conclusions, no response is required. If any further response is required, these allegations are denied as to SASL.

92. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

93. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

94. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

95. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

96. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph, therefore this allegation is denied.

97. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

98. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

99. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

100. To the extent the allegations purport to state legal conclusions, no response is required. If any further response is required, these allegations are denied as to SASL.

101. To the extent the allegations purport to state legal conclusions, no response is required. If any further response is required, these allegations are denied as to SASL.

102. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

103. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

104. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

105. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

106. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

107. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

108. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

109. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

110. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

111. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

112. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

113. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

114. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

115. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

116. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

117. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

118. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

119. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

120. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

121. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, therefore these allegations are denied.

122. Admitted that a Chapter 15 proceeding involving PBLA is pending before the United States Bankruptcy Court for the Southern District of New York. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, therefore these allegations are denied.

123. SASL re-states and incorporates by reference its answers to paragraphs 1 through 122.

124. SASL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Lindberg or Herwig, therefore allegations regarding Lindberg or Herwig are denied. Admitted that SASL acted as an investment advisor as defined in the Advisers Act. The remaining allegations in this paragraph are the Plaintiff's characterizations of the law and call for a legal conclusion, thus no response is required. To the extent a response is required, these allegations are denied as to SASL.

125. To the extent the allegations purport to state legal conclusions, no response is required. If any further response is required, these allegations are denied as to SASL.

126. To the extent the allegations purport to state legal conclusions, no response is required. If any further response is required, these allegations are denied as to SASL.

127-130. Paragraphs 127-130 of Count II, which assert allegations only against Lindberg and Herwig and not against SASL, and Plaintiff's Prayer for Relief and Jury Demand need not be, and therefore are not, responded to by SASL. To the extent paragraphs 127-130 seek to assert allegations against SASL or might require any response from SASL, it is denied that SASL violated the Advisers Act; denied that SASL, directly or indirectly, knowingly, willfully, or recklessly employed any device, scheme, or artifice to defraud or engaged in any transactions, practices, or courses of business which operated as a fraud or deceit upon any client or prospective client; any remaining allegations are denied.

Except as otherwise explicitly admitted herein, SASL denies each and every allegation and heading contained in the Complaint, including the Plaintiff's "WHEREFORE" ad damnum clauses after paragraph 130 and Plaintiff's demand for a jury trial, and put Plaintiff to strict proof thereof.

WHEREFORE, having answered the allegations of the Complaint, SASL prays that the Court enter judgment as follows:

1. In favor of the SASL, and against Plaintiff;
2. That Plaintiff take nothing from SASL by this Complaint, and that the Complaint be dismissed with prejudice; and
3. For such other relief as the Court deems just and proper.

## DEFENSES

SASL has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on SASL's knowledge, information, and belief at this time. SASL specifically reserves the right to assert additional affirmative or other defenses and/or to modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint or assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiff's claims, SASL asserts the following affirmative and other defenses:

### FIRST DEFENSE

The NC Insurance Companies were not SASL's advisory clients in connection with any of the allegations asserted in the Complaint.

### SECOND DEFENSE

The claim asserted against SASL fails to state a claim against SASL upon which relief may be granted.

### THIRD DEFENSE

The claim asserted against SASL fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

### FOURTH DEFENSE

SASL complied with the rules and regulations of the SEC at all relevant times and did not engage in any transaction, practice or course of business which operated as a fraud or deceit upon a client or a prospective client.

18

## FIFTH DEFENSE

SASL complied with any fiduciary duty owed at all times, including acting in the best interest of its clients.

## SIXTH DEFENSE

SASL's disclosures were sufficient and did not omit material facts.

## SEVENTH DEFENSE

The purported investment advisory clients had full knowledge of all material facts and information and did not rely on any alleged act or representation by SASL.

## EIGHTH DEFENSE

The transactions alleged in the Complaint do not present conflicts of interest.

## NINTH DEFENSE

SASL did not act negligently or with the requisite scienter and performed its advisory services consistent with the proper standard of care for investment advisers in similar circumstances.

## TENTH DEFENSE

SASL did not receive any ill-gotten gains, thus disgorgement is unavailable.

## ELEVENTH DEFENSE

The imposition of civil penalties is not appropriate, justified or in the public interest.

## TWELFTH DEFENSE

Injunctive relief is not appropriate or justified as there is no reasonable likelihood of continued or future violations of the Advisers Act by SASL.

## THIRTEENTH DEFENSE

Lindberg and Herwig were not acting as SASL's agents in engaging in the actions alleged within the Complaint.

SASL preserves and asserts all general and affirmative defenses available under any applicable law. SASL presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. Therefore, SASL reserves its right to supplement this Answer and to assert additional defenses, cross-claims, and third party claims in the event that discovery or other means indicate that they would be appropriate.

Respectfully Submitted,

| | |
|---|---|
| **BELL, DAVIS & PITT, P.A.** | **FOLEY & LARDNER LLP** |
| | /s/ Heather A. Lee |
| Mark A. Jones | James Gavin Lundy* |
| (North Carolina Bar # 36215) | Margaret Gembala Nelson* |
| 100 North Cherry St., Suite 600 | 321 North Clark Street, Suite 3000 |
| Winston-Salem, NC 27120-1029 | Chicago, Illinois 60654 |
| Telephone: (336) 722-3700 | Phone: (312) 832-4500 |
| Facsimile: (336) 7022-8153 | Fax: (312) 832-4700 |
| mjones@belldavispitt.com | jglundy@foley.com |
| | mnelson@foley.com |
| | |
| | Heather A. Lee* |
| | 100 N. Tampa St., Suite 2700 |
| | Tampa, FL 33602 |
| | Phone: (813) 229-2300 |
| | Fax: (813) 221-4210 |
| | hlee@foley.com |
| | |
| | *Counsel for Standard Advisory Services Limited* |
| | |
| | *By Special Appearance |