UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY E. LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED,<br><br>Defendants. | Case No. 22-cv-00715<br><br>Honorable Catherine C. Eagles<br>Honorable Joi Elizabeth Peake |

**BRIEF IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
AGAINST DEFENDANT HERWIG**

Plaintiff United States Securities and Exchange Commission ("SEC"), respectfully requests that the Court grant the SEC's Motion for Entry of Judgment by approving the bifurcated settlement it has negotiated with Defendant Christopher Herwig ("Herwig") and by entering the Proposed Judgment in the form attached hereto as Exhibit 1.

**I.    The SEC's Civil Case Against Defendant Herwig**

On August 30, 2022, the SEC filed a Complaint against Defendants Herwig, Gregory E. Lindberg ("Lindberg"), and Standard Advisory Services Limited ("SASL") alleging securities fraud. The SEC's Complaint generally alleges that the Defendants perpetrated multiple schemes to defraud their advisory clients by engaging in numerous undisclosed related-party transactions and by misappropriating over $57 million in client funds. The SEC further alleges that during the course of the fraud, SASL collected over $21.4 million in advisory fees from the defrauded clients. All told, Defendants wrongfully obtained over $75

1

million for Lindberg and his affiliated businesses from the multiple breaches of their fiduciary duties.

As a result of the conduct alleged in the Complaint, the SEC alleges that Defendants violated Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] and that Defendants Herwig and Lindberg aided and abetted SASL's violations of the Advisers Act. The Complaint seeks two types of relief against Defendants: (1) injunctive relief (*e.g.*, permanent injunctions) and (2) monetary remedies (*e.g.*, disgorgement of ill-gotten gains, including prejudgment interest, and civil penalties).

## II. The Related Criminal Case Against Defendant Herwig

On December 19, 2022, the United States Attorney for the Western District of North Carolina criminally charged Defendant Herwig in a Bill of Information. *See United States v. Herwig*, 3:22-cr-314-MOC (W.D.N.C.) ("Herwig Criminal Case"). The Bill of Information charged Defendant Herwig with one count of conspiracy to commit crimes in connection with insurance business, wire fraud, money laundering, transactional money laundering, and investment advisers fraud, in violation of 18 U.S.C. §§ 371, 1033, 1343, 1956, and 1957 and 15 U.S.C. §§ 80b-6 and 80b-17. The facts alleged in the Bill of Information are similar to the allegations giving rise to the SEC's Complaint against Defendant Herwig.

On December 20, 2022, Defendant Herwig entered a plea of guilty to one count of conspiracy in his criminal case. [Crim. Dkt. No. 6]. In his Plea, Defendant Herwig agreed to the entry of an order for monetary penalties, including full restitution and forfeiture. Defendant Herwig awaits sentencing in the criminal case.

2

Case 1:22-cv-00715-CCE-JEP    Document 47    Filed 06/12/23    Page 2 of 5

### III. Defendant Herwig's Agreement to Settle the SEC Civil Case

The SEC and Herwig have agreed to a bifurcated settlement that resolves all non-monetary relief and sets up a framework, if the parties are unable to resolve the monetary claims after Defendant Herwig has been criminally sentenced, for the Court to resolve the SEC's monetary claims against Herwig. Attached as Exhibit 1 is a copy of the Proposed Judgment. Herwig has consented to the entry of the Proposed Judgment against him. Attached as Exhibit 2 is a copy of the Consent signed by Herwig.

The Proposed Judgment eliminates the need to litigate the merits of Herwig's liability in this matter and permanently enjoins Herwig from violating each of the provisions of the federal securities law at issue in the Complaint. With respect to the SEC's monetary claims, the Proposed Judgment provides that the remaining relief sought by the SEC—disgorgement, prejudgment interest, and civil penalties—shall be resolved, if necessary, by the Court at a later date. For the purposes of that determination, the parties agree that the Court would accept the allegations in the SEC's Complaint as true. This type of partial settlement, a regular form of resolution in SEC enforcement actions, is often referred to as a "bifurcated" settlement, *SEC v. Owings Group, LLC*, 2021 WL 1909606 (D. Md. May 12, 2021) (court entering consent judgments against four individuals which provide that, upon motion by the SEC, the Court will determine the amount of disgorgement and/or a monetary penalty), *aff'm SEC v. Johnson*, 43 F.4th 382 (4th Cir. 2022) (affirming district court's entry of disgorgement and civil penalty against defendant who entered into consent judgment); *SEC v. Giordano*, 2017 WL 79938 (D. Md. Jan. 6, 2017) (recognizing prior order granting entry of consent Judgment against individual defendant that provided that "[t]he Court shall determine the amounts of disgorgement and civil penalty upon motion of the

Commission," and ordering defendant to pay disgorgement, prejudgment interest, and a civil penalty pursuant to the consent Judgment); *SEC v. Dappah*, 2015 WL 5093205, at *1 (W.D.N.C. Aug. 28, 2015) (recognizing prior order granting entry of consent Judgment in which defendant consented to entry of a permanent injunction and to deferring the determination by the Court of disgorgement, prejudgment interest, and civil penalties to a later date upon motion by the SEC) ;*SEC v. Martin*, 2010 WL 4791910 (W.D.N.C. Nov. 18, 2010) (entering consent Judgment against individual defendant); *SEC v. Zenergy Int'l, Inc.*, 2016 WL 5080423 (N.D. Ill. Sept. 20, 2016) (same); *SEC v. Integrity Fin. AZ, LLC*, 2012 WL 176228 (N.D. Ohio Jan. 20, 2012).

The proposed bifurcated settlement is the result of good faith negotiations between the SEC and Herwig and is a fair resolution of the SEC's claims against Herwig. The Proposed Judgment has been reviewed by and approved by Herwig. Herwig does not wish to engage in extensive discovery proceedings and contest the SEC's allegations at trial; but he does have a strong interest in minimizing the financial consequences of the SEC's claims to the extent permitted by law. The SEC wants to obtain appropriate relief against Herwig, without unwarranted delay and use of resources. The parties have not been able to agree upon the amount of monetary relief of any final settlement. Accordingly, allowing the Court to resolve the financial issue remaining between the parties at a later date will promote the efficient use of the parties' and the Court's resources.

In his Consent, Herwig agrees that the SEC "may present the [Proposed] Judgment to the Court for signature and entry without further notice." (Ex. 2, ¶ 16). Under Federal Rule of Civil Procedure 54(b), there is no just reason to delay entry of the Proposed Judgment. Entry of the Proposed Judgment will resolve the issue of liability on all claims

4

against Herwig in this action and will reserve the issue of monetary relief until a later date. There is little risk of piecemeal appeals as Herwig has waived his right to appeal from this judgment, as reflected in Exhibit 2. (Ex. 2; ¶ 6).

WHEREFORE, for the reasons cited above, the SEC respectfully requests that the Court grant its Motion and enter the Proposed Judgment.

Dated: June 12, 2023

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

By: /s/ Kevin A. Wisniewski

Alyssa A. Qualls (quallsa@sec.gov)
Kevin A. Wisniewski (wisniewskik@sec.gov)
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Chicago Regional Office
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
(312) 353-7390

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on June 12, 2023, he filed the above document via the Court's CM/ECF NextGen system, which automatically sends a notice of the filing to all counsel of record.

/s/ Kevin A. Wisniewski