IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:22-CV-715 ) |
| GREGORY E. LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED, | ) ) ) ) ) ) |
| Defendants. | ) |

# ORDER

The Securities and Exchange Commission (SEC) has initiated this enforcement action against Christopher Herwig and others. This matter is before the Court on the SEC's motion for entry of a proposed consent judgment between the SEC and Mr. Herwig. Doc. 46. The proposed consent judgment, Doc. 46-1, would permanently enjoin Mr. Herwig from violating certain provisions of the Investment Advisers Act of 1940 and would require Mr. Herwig to disgorge ill-gotten gains with interest plus a civil penalty, as determined by the Court. Mr. Herwig has consented to the Court's jurisdiction, waives findings of fact and conclusions of law, and waives any right to appeal from the judgment. For the reasons stated in this Order, the parties' motion for entry of the consent judgment will be granted. The consent judgment will be entered separately.

The SEC initiated this enforcement action against Mr. Herwig and others in August 2022, alleging that Mr. Herwig engaged in securities fraud, defrauded his

advisory clients, and misappropriated millions of dollars. Doc. 1 at ¶¶ 5–9. The SEC alleged that Mr. Herwig's conduct violated sections 206(1) and 206(2) of the Investment Advisers Act of 1940, codified at 15 U.S.C. § 80b-6(1) and (2). Doc. 1 at ¶ 12. Mr. Herwig's motion to dismiss was denied. Doc. 28.

In December 2022, the United States Attorney for the Western District of North Carolina criminally charged Mr. Herwig in a Bill of Information with one count of conspiracy to commit various crimes, including money laundering, wire fraud, and investment adviser fraud. Bill of Information, *United States v. Herwig*, No. 22-CR-314, Doc. 3 (W.D.N.C. Dec. 19, 2022). The facts alleged in the Information were similar to the allegations in this case. Mr. Herwig has since pled guilty to one count of conspiracy in the criminal case and is awaiting sentencing. *See* Entry and Acceptance of Guilty Plea, *United States v. Herwig*, No. 22-CR-314, Doc. 10 (W.D.N.C. Dec. 22, 2022).

The SEC and Mr. Herwig have now agreed to a bifurcated partial settlement in this case, *see* Doc. 46-2 (reflecting Mr. Herwig's consent), and ask the Court to enter their proposed judgment. Doc. 46-1. The consent judgment includes injunctive relief prohibiting Mr. Herwig from violating certain provisions of federal securities law. *Id.* at 2–3. The consent judgment also provides that the remaining relief sought by the SEC—disgorgement, prejudgment interest, and civil penalties—will be resolved by the Court upon motion by the SEC. *Id.* at 3.

A consent judgment "has elements of both judgment and contract, and is subject to judicial approval and oversight generally not present in other private settlements." *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002) (cleaned up). Before

2

Case 1:22-cv-00715-CCE-JEP   Document 48   Filed 07/03/23   Page 2 of 5

entering a consent judgment, district courts must ensure that subject matter jurisdiction exists, *see NLRB v. Constellium Rolled Prods. Ravenswood, LLC*, 43 F.4th 395, 399–400, 405–06 (4th Cir. 2022), and "must examine" the judgment's "terms to ensure they are fair and not unlawful." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002); *see also Pizzella v. Apex Pipeline Servs., Inc.*, No. 19-CV-507, 2019 WL 5866151, at *1–2 (S.D.W. Va. Nov. 8, 2019); *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) ("[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable."). Specifically, "the court must satisfy itself that the agreement is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (cleaned up).[1]

That said, there is a "general principle" in favor of settlements. *Id.* This is especially so when the consent decree has been negotiated by a federal administrative

---

[1] The Court has considered whether the parties must satisfy the requirements for injunctive relief set forth in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), when the injunctive relief is entered by consent. The *eBay* test does not apply in this context. Section 80b-9 of the Investment Advisers Act provides that district courts shall grant a permanent injunction "[u]pon a showing that" the defendant "has engaged" in any "practice constituting a violation of" the Act. 15 U.S.C. § 80b-9(d). The SEC "does not have to invoke the traditional equitable requirements for injunctive relief to obtain an injunction in this context." *SEC v. Marker*, 427 F. Supp. 2d 583, 590 (M.D.N.C. 2006); *see also SEC v. Chapman*, 826 F. Supp. 2d 847, 857 (D. Md. 2011); *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975) ("Unlike private actions, which are rooted wholly in the equity jurisdiction of federal court, SEC suits for injunctions are creatures of statute. Proof of irreparable injury or the inadequacy of other remedies as in the usual suit for injunction is not required." (cleaned up)). To the extent the fourth *eBay* factor—that the "public interest would not be disserved"—must be considered, *see Citigroup Glob. Mkts.*, 752 F.3d at 294, 296, the Court is doing so as reflected *supra*.

agency specially equipped to enforce the law in the particular field.  *See, e.g.*, *United States v. Chemtronics, Inc.*, No. 20-CV-272, 2022 WL 1127075, at *3 (W.D.N.C. Apr. 14, 2022) (citing examples).

The parties are involved in a legitimate dispute as reflected in the earlier motions practice.  *See* Docs. 14, 28.  The Court has subject matter jurisdiction because the case arises under federal law.  28 U.S.C. § 1331; *see also Zulveta v. Larmore Landscape Assocs.*, No. 18-CV-888, 2019 WL 480517, at *2 (M.D.N.C. Feb. 7, 2019) ("If federal law creates the cause of action, a federal district court unquestionably has subject matter jurisdiction." (cleaned up)).

Based on the Court's independent review of the record as a whole, including the allegations in the complaint and Mr. Herwig's admissions, the Court finds that the consent judgment is fair, adequate, reasonable, and serves the public interest.  The allegations, Mr. Herwig's guilty plea in the criminal proceedings, and Mr. Herwig's admissions here, including his consent, establish that he has engaged in practices constituting violations of the relevant provisions of the Investment Advisers Act.  There is nothing tending to indicate that the consent judgment is the product of collusion.  It is not illegal, and its requirements do not violate the Constitution, any statute, or caselaw.  An injunction prohibiting a felon who has violated the Investment Advisors Act in the past from violating it in the future serves the public interest.  Injunctive relief is appropriate.

Courts entering permanent injunctions must comply with Federal Rule of Civil Procedure 65(d).  *See Wudi Indus. (Shanghai) Co. v. Wong*, 70 F.4th 183, 189–90 (4th

Cir. 2023).[2] That rule provides that every order granting an injunction must state the reasons why it issued, state its terms specifically, and describe the act(s) restrained in reasonable detail.

The proposed injunction, Doc. 46-1, explains why it is being issued, both explicitly by reference to the parties' agreement, which is incorporated by reference, and in context by the specificity of the agreement resolving most of the dispute between the parties and setting forth a mechanism to resolve any remaining issues. It "state[s] its terms specifically" in accordance with Rule 65(d)(1)(B). It identifies Mr. Herwig and explicitly enjoins him from engaging in specific, identified acts while acting as an investment adviser.

It is hereby **ORDERED** that the motion for entry of judgment against defendant Christopher Herwig is **GRANTED**. Judgment and a permanent injunction will enter separately.

This the 3rd day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[2] In the proposed consent judgment, Mr. Herwig expressly waives his right to object or oppose enforcement of the judgment "on the ground . . . that it fails to comply with Rule 65(d)." Doc. 46-2 at ¶ 9. But the requirements of Rule 65(d) "are mandatory and must be observed in every instance." *Wudi*, 70 F.4th at 189. These requirements are "designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, . . . to avoid the possible founding of a contempt citation on a decree too vague to be understood," and to "facilitat[e] appellate review." *Id.* 189–90 (cleaned up). There is no exception in Rule 65 or in the caselaw for consent judgments.