UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>          v.<br><br>GREG E. LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED,<br><br>                Defendants. | Case No. 22-cv-715<br><br>Honorable Catherine E. Eagles<br>Magistrate Judge Joi Elizabeth Peake |

## JOINT STATUS REPORT

Pursuant to the Court's March 18, 2024 Text order, Plaintiff United States Securities and Exchange Commission ("SEC"), and Defendants Greg E. Lindberg ("Lindberg"), Christopher Herwig ("Herwig"), and Standard Advisory Services Limited ("SASL") submit the following Joint Status Report detailing the status of discovery.

**I.    Written Discovery and Document Productions**

**SEC**

To date, the SEC has issued the following written discovery to the Defendants:

- SEC's 1st Set of Document Requests to Defendant Herwig (3/2/23)

- SEC's 1st Set of Document Requests, Interrogatories, and Requests to Admit to Defendant Lindberg (3/2/23)

- SEC's 1st Set of Document Requests and Requests to Admit to Defendant SASL (3/2/23)

- SEC's 2nd Set of Document Requests to Defendant SASL (3/22/23)

- SEC's Rule 30(b)(6) Deposition Notice to Defendant SASL (3/22/23, 6/9/23, 7/14/23).

Defendants have answered and are in the process of producing documents to the SEC in response to the issued discovery.

The SEC has also issued multiple third-party document subpoenas: (1) Global Growth (3/28/23); (2) Rives and Associates (4/3/23); (3) ULICO (4/28/23); and (4) Wells Fargo (9/11/23). To the extent these third parties have produced documents to the SEC, the SEC has produced these documents to Defendants.

In March 2023, the SEC produced to Defendants its investigatory file relating to the SEC multi-year enforcement investigation titled *In re Standard Advisory Services Limited* (C-08582), which preceded the filing of the SEC's Complaint. The investigatory file contained over 750,000 documents and contained documents and information from more than 18 sources.

Recently, the Federal Bureau of Investigation granted the SEC's *Touhy* request for certain Form 302s prepared by the FBI relating to interviews of witnesses in connection with the Department of Justice's investigation of certain criminal matters. The SEC is in the process of producing those Form 302s to the Defendants. In addition, on March 8, 2024, Lindberg served the SEC with its First Request for Production of Documents. While the SEC believes that it has already produced the vast majority of requested non-privileged documents, it will likely produce some additional materials in the coming weeks.

**Lindberg**

To date, Mr. Lindberg has served the following written discovery on the SEC:

- Mr. Lindberg's Responses and Objections to SEC's 1st Set of Requests for Admission, Interrogatories, and Requests for Production (5/17/2023);

- Mr. Lindberg's amended Responses and Objections to SEC's 1st Set of Interrogatories and Requests for Production (8/31/2023); and
- Mr. Lindberg's First Set of Interrogatories, Requests for Admission, and Requests for Production on SEC (3/8/2024).

In addition, Mr. Lindberg made productions to the SEC on the following dates, pursuant to his Responses and Objections to the SEC's discovery requests:

- (8/18/2023) 2,424 pages
- (8/25/2023) 191 pages
- (12/22/2023) 1,390 pages
- (1/19/2024) 8,430 pages
- (1/26/2024) 2,409 pages
- (2/2/2024) 9,895 pages
- (2/16/2024) 14,476 pages
- (2/23/2024) 12,930 pages
- (3/1/2024) 3,976 pages
- (3/11/2024) 10,430 pages
- (3/25/2024) 16,129 pages
- (3/29/2024) 10,634 pages

Mr. Lindberg is also in the process of issuing third-party discovery. He has served several subpoenas already, and expects to serve additional *subpoenas duces tecum* for testimony up to the permitted 15-deposition limit in this case, as well as additional subpoenas only requesting documents. Thus far, Mr. Lindberg has served the following third-party discovery:

- Cross-Notice subpoena for testimony and documents to foreign resident nonparty on the board of directors for the North Carolina Insurance Companies (3/25/2024);

3

- Subpoena for testimony and documents to nonparty on the board of directors for the North Carolina Insurance Companies (3/28/2024);

- Subpoenas for testimony and documents to three nonparty former Global Bankers executives (3/29/2024); and

- Subpoena for documents to the North Carolina Department of Insurance (3/28/2024).

**Herwig** – No additional statements.

**SASL**

To date, the SASL has engaged in the following discovery:

- January 30, 2023, SASL served Amended Initial Disclosures

- March 1, 2023, SASL served first request for production on the SEC

- March 2, 2023, SEC served SASL with first document requests

- March 2, 2023, SEC served SASL with first requests to admit

- March 22, 2023, SEC served SASL with second document requests

- March 22, 2023, SEC served SASL with Notice of Deposition of SASL Pursuant to Fed. R. Civ. P. 30(b)(6)

- March 29, 2023, SEC served SASL with responses and objections to SASL's first request for production

- April 28, 2023, SASL served the SEC with responses to first request to admit

- April 28, 2023, SASL served the SEC with responses to first document requests

- April 28, 2023, SASL served the SEC with responses to second document requests

- May 15, 2023, SASL served the SEC with amended responses to first document requests

- May 15, 2023, SASL served the SEC with amended responses to second document requests

- May 23, 2023, SASL served the SEC with Objections to Notice of Deposition of SASL Pursuant to Fed. R. Civ. P. 30(b)(6)

- June 1, 2023, SASL served the SEC with its Amended Objections to Notice of Deposition of SASL Pursuant to Fed. R. Civ. P. 30(b)(6) (Corrected numbering)

4

- June 9, 2023, SEC served Amended Notice of Deposition of SASL Pursuant to Fed. R. Civ. P. 30(b)(6)
- June 21, 2023, SASL served the SEC with Objections to Amended Notice of Deposition of SASL Pursuant to Fed. R. Civ. P. 30(b)(6)
- July 14, 2023, SEC served Second Amended Notice of Deposition of SASL Pursuant to Fed. R. Civ. P. 30(b)(6)
- January 29, 2024, SASL produced documents and responses to SEC's document requests.

On April 1, 2024, counsel for SASL filed a motion to withdraw for the reasons provided in said motion.

## II. Depositions

No depositions have been taken in this matter.

**SEC**

As noted above, on March 22, 2023, the SEC issued a Rule 30(b)(6) deposition notice to SASL. The parties conducted multiple meet-and-confers to negotiate the scope of the SEC's 30(b)(6) notice, resulting in multiple amendments to the deposition notice. SASL notified the SEC that the corporate representative it intended to offer in response to the SEC's Rule 30(b)(6) deposition was located in Malta. The SEC thereafter contacted and worked with its Office of International Affairs, along with the Department of Justice and the State Department, regarding the requirements necessary for the SEC to take the deposition in Malta. The SEC submitted a formal request to the Malta Office of the State Advocate to take a consular deposition in Malta pursuant to Article 16 of Hague Evidence Convention. SASL offered to present its 30(b)(6) witness in February 2024. However, the government of Malta did not grant the SEC's request to take the deposition in Malta in time to meet the offered date. On March 15, 2024, the Malta Office of the State Advocate, along with the Malta Ministry of Foreign Affairs, granted the SEC's request to proceed with the noticed

deposition in Malta. On March 17, 2024, the SEC requested from SASL's counsel dates in April 2024 for the 30(b)(6) deposition. SASL will provide the SEC with dates for the noticed 30(b)(6) deposition. The SEC's 30(b)(6) of SASL deposition remains in flux.

The deposition of a former director of the North Carolina Insurance Companies is currently scheduled for April 17, 2024. This deposition was noticed by both the SEC and Lindberg. The witness currently resides in Costa Rica, but has tentatively agreed to sit for testimony in North Carolina on the scheduled date.

The SEC has contacted multiple additional witnesses and is working with their counsel to schedule approximately five depositions. The number of depositions the SEC needs to take before the close of fact discovery will depend on various factors, including, among other things, documents produced by Defendants (which is still on-going) and third parties, Defendants' discovery responses, and testimony obtained at preceding depositions.

On March 29, 2024, Lindberg notified the SEC, via a draft of the parties' Joint Status Report, that he intends on deposing 10 to 15 witnesses over the next three month, including "[s]everal … nonparties [who] are citizens of and located in foreign countries and/or U.S. citizens permanently residing in foreign countries." (*See* below at p. 9). The number of foreign witnesses Lindberg seeks to depose, in such a short time period, may be problematic for the SEC. As an independent agency of the federal government, the SEC must abide by certain processes and procedures before taking, or participating, in depositions in foreign countries and of foreign citizens or citizens residing a foreign country. Depending on the country in which the witnesses are located, it may take several months for the SEC to obtain the proper authorization from such foreign countries to take, or participate, in a deposition; particularly if the deposition is compelled via a subpoena or a letter of request.

Lindberg subsequently clarified that he has identified three foreign witnesses he may depose: (1) one located in Costa Rica, who as referenced above, has agreed to be deposed in the United States; (2) one located in Malta (who has not yet been noticed); and (3) one located in Bermuda (who has not yet been noticed). Lindberg has also reserved his right to seek and to depose other foreign witnesses in this matter. Depending on when Lindberg issues a subpoena for the deposition taking place in Bermuda, it may be difficult for the SEC to obtain the required authorization to participate in the deposition within the fact discovery window. Similarly, to the extent Lindberg seeks to depose any yet unidentified foreign witnesses, it may be difficult for the SEC to obtain the required authorization to participate in the depositions within the fac discovery window and it may object to any such notices.

**Lindberg**

In addition to cross-noticing the former director of the North Carolina Insurance Companies subpoenaed by the SEC, Mr. Lindberg is also serving a subpoena for testimony on another director of the North Carolina Insurance Companies who does not appear to be represented related to these matters, which is tentatively scheduled for April 15, 2024. Mr. Lindberg is also serving a subpoena for testimony on three former executives of Global Bankers, two of whom may be represented related to these matters. Those three depositions are tentatively scheduled for April 22, 2024, April 23, 2024, and May 2, 2024. Mr. Lindberg currently anticipates he will use all of the permitted depositions, and is preparing subpoenas for testimony for approximately 5 to 10 additional nonparty witnesses, and is also contemplating 30(b)(6) requests for testimony from several relevant entities. Mr. Lindberg has begun to reach out to counsel where available for some of these witnesses, in an effort to

schedule the depositions. However, not all the Mr. Lindberg's intended witnesses appear to be represented, and some live abroad or present other challenges for service.

**Herwig** – No additional statements.

**SASL** – No additional statements.

III.     **Future Discovery to be Completed by July 31, 2024**

**SEC**

The SEC intends to issue additional written discovery to the Defendants in the coming weeks.

As noted above, the SEC also intends to issue deposition subpoenas to third-party witnesses.

The SEC is concerned that the withdraw of SASL's counsel (Dkt. No. 52) may impact the SEC's ability to complete discovery in a timely manner. For example, the Motion to Withdraw states that "SASL does plan to engage replacement counsel." New counsel will likely insist on additional time to get up to speed before he/she can participate in scheduled depositions or respond to new discovery requests issued by the SEC. To the extent SASL does not retain new counsel soon, it may impact the parties ability to complete fact discovery within the proscribed time period.

**Lindberg**

Mr. Lindberg intends to issue another 10 to 15 subpoenas for documents to nonparties who he does not seek to depose.

The Parties' Joint Rule 26(f) Report dated February 2, 2023 (ECF No. 42) (the "26(f) Report"), set forth a "Preliminary Deposition Schedule" that contemplates that depositions would be completed by the same deadlines as fact and expert discovery.  While Mr.

Lindberg is making every effort to schedule and take the depositions within the timeline set by the 26(f) Report and the Court and regards the deadline as firm, Mr. Lindberg is concerned that the current fact witness deposition timeline may be inadequate to accommodate the complications that could arise with a roster of almost entirely *nonparty* witnesses. Several of the relevant nonparties are citizens of and located in foreign countries and/or U.S. citizens permanently residing in foreign countries, which adds additional complications, particularly in the event a witness refuses to participate voluntarily.

While Mr. Lindberg hopes that all the nonparties will be cooperative, it may be necessary to move to compel one or more of these witnesses if they do not comply with the subpoenas. In light of these potential issues, Mr. Lindberg wants to raise now for this Court that it may be necessary for some depositions to take place during the expert discovery period after the close of fact discovery. Similarly, Mr. Lindberg may need additional time to complete fact discovery related to his subpoenas for documents, if the subpoena recipients are noncompliant and motions to compel are required. Many of those intended witnesses are outside North Carolina, and could require local litigation to enforce the subpoenas.

Because the 26(f) Report specifically contemplates that the deposition schedule is "Preliminary," Mr. Lindberg proposes that the fact witness deposition deadline is extended to September 30, 2024 to allow for potential nonparty noncompliance.

**Herwig** – No additional statements.

**SASL**

On April 1, 2024, SASL's counsel filed a motion to withdraw and, as indicated in said motion, they previously notified the SEC of its intent to file this motion. The SEC advised SASL's counsel that it takes no position regarding SASL's counsel's motion to

withdraw. SASL's counsel disagrees with the SEC's concerns noted above based on SASL's ongoing efforts to retain replacement counsel and SASL's counsel assurances that it will work with replacement counsel for an efficient and effective transition.

Dated: April 1, 2023

Respectfully submitted,

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

By: /s/ Kevin A. Wisniewski

Alyssa A. Qualls (quallsa@sec.gov)
Kevin A. Wisniewski (wisniewskik@sec.gov)
United States Securities and Exchange Commission
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

**Christopher Herwig**

By: /s/ Claire J. Rauscher
Claire J. Rauscher (Claire.Rauscher@wbd-us.com)
Womble Bond Dickinson (US) LLP
301 S. College St.
Charlotte, NC 28202

Britt Whitesell Biles (Britt.Biles@wbd-us.com)
Womble Bond Dickinson (US) LLP
2001 K Street, NW, Suite 400 South
Washington, DC 20006

*Attorneys for Defendant Christopher Herwig*

**Gregory E. Lindberg**

By: /s/ Ryan Meyer
Allison Mullins (amullins@turningpointlit.com)
Leslie Cooper Harrell (charrell@turningpointlit.com)
Mullins Duncan Harrell & Russell, PLLC
300 N. Greene St., Ste. 2000
Greensboro, NC 27401

10

Brandon N. McCarthy
(brandon.mccarthy@katten.com)
Ryan Meyer (ryan.meyer@katten.com)
Katten Muchin Rosenman LLP
2121 N. Pearl Street, Ste. 1100
Dallas, TX 75214

*Attorneys for Defendant Gregory E. Lindberg*

**Standard Advisory Services Limited**

By: /s/ James G. Lundy
Mark A. Jones (mjones@belldavispitt.com)
Bell Davis & Pitt, P.A.
POB 21029
Winston-Salem, NC 27120

James G. Lundy (jglundy@foley.com)
Margaret G. Nelson (mnelson@foley.com)
Foley & Lardner LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654

Heather A. Lee (hlee@foley.com)
Foley & Lardner LLP
100 N Tampa St., Suite 2700
Tampa, FL 33602

*Attorneys for Defendant Standard Advisory Services Limited*

11