| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>     v.<br><br>GREG E. LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED,<br><br>     Defendants. | Case No. 22-cv-715<br><br>Honorable Catherine E. Eagles<br>Magistrate Judge Joi Elizabeth Peake |

**UNITED STATES SECURITIES AND EXCHANGE COMMMISSION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS GREG LINDBERG AND <u>STANDARD ADVISORY SERVICES LIMITED</u>**

Dated: March 10, 2025  Alyssa A. Qualls (quallsa@sec.gov)
            Kevin A. Wisniewski (wisniewskik@sec.gov)
            United States Securities and Exchange Commission
            175 West Jackson Boulevard, Suite 1450
            Chicago, Illinois 60604
            (312) 886-0804

            *Attorneys for Plaintiff United States Securities and Exchange Commission*

Defendants Greg E. Lindberg ("Lindberg") and Standard Advisory Services Limited ("SASL") do not dispute that they violated Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"). Lindberg's Response to the SEC's Motion for Summary Judgment does not dispute the SEC's recitation of the facts or the application of the law to those undisputed facts. (Dkt. No. 112.) SASL did not respond to the SEC's Motion altogether. Accordingly, since the Defendants do not contest their liability, there is nothing left for a jury to decide at the trial currently scheduled for May 5, 2025. (Dkt. No. 113.)

Federal Rule of Civil Procedure 56 provides that "[i]f a party … fails to properly address another party's assertion of fact as required by Rule 56(c), … the court may consider the fact undisputed for purpose of that motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). Additionally, under Local Rule 7.3(k), when a party fails "to file a brief or response [to a motion] within the time specified … the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." However, the court "'*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)); *see also, e.g., Sosa v. Advance Auto Parts*, No. 03-CV-00587 2004 WL 953508, at *4 (M.D.N.C. Apr. 30, 2004) (treating unopposed summary judgment motion as

uncontested and granting motion because nonresponding party failed to provide any facts from which reasonable jury could find in his favor).

Here, because (1) the SEC's Motion is uncontested, (2) Lindberg and SASL have neither advanced specific facts nor raised genuine disputes as to any of the material facts set forth in the SEC's Motion, and (3) they do not contest that these uncontroverted facts constitute violations of the Advisers Act, the SEC is entitled to summary judgment against Lindberg and SASL for all of the reasons set forth in the SEC's Motion and Memorandum in support thereof. (Dkt. Nos. 105, 106.)

## CONCLUSION

For the foregoing reasons, the Court should grant the SEC's motion for summary judgment as to Defendants Lindberg and SASL on Counts I and II.

## BRIEF CERTIFICATION

Pursuant to Local Rules 7.3(d) and 56.1(c), the SEC certifies that this brief contains 422 words, excluding the caption, signature lines, and certificate of service.

Dated: March 10, 2025      Respectfully Submitted,

/s/ Kevin A. Wisniewski
Alyssa A. Qualls (quallsa@sec.gov)
Kevin A. Wisniewski (wisniewskik@sec.gov)
SEC Chicago Regional Office
175 West Jackson Blvd, Suite 1450
Chicago, Illinois 60604
(312) 353-7390

*Attorneys for Plaintiff U.S. Securities and Exchange Commission*

# CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing document, via ECF filing, to all counsel of record on March 10, 2025.

                                                                                /s/ Kevin A. Wisniewski

**Gregory E. Lindberg**
Alisson Mullins
L. Cooper Harrell
Turning Point Litigation Mullins Duncan Harrell & Russell PLLC
300 North Greene Street, Suite 2000
Greensboro, NC 27401
amullins@turningpointlit.com
charrell@turningpointlit.com

Ryan J. Meyer
Brandon McCarthy
Katten Muchin Rosenman LLP
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Ryan.Meyer@katten.com
Brandon.McCarthy@katten.com

*Attorneys for Defendant Gregory E. Lindberg*

**Christopher Herwig**
Claire Rauscher
Womble Bond Dickinson (US) LLP
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202
Claire.Rauscher@wbd-us.com

Britt Biles
Womble Bond Dickinson (US) LLP
2001 K Street, NW, Suite 400 South
Washington, DC 20006
Britt.Biles@wbd-us.com

*Counsel for Defendant Christopher Herwig*

**Standard Advisory Services Limited**

Mark A. Jones
Alan M. Ruley
Bell Davis & Pitt, P.A.
POB 21029
Winston-Salem, NC 27120
mjones@belldavispitt.com
aruley@belldavidpitt.com

*Attorneys for Defendant*
*Standard Advisory Services Limited*