IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:22-CV-715 |
| GREG LINDBERG, CHRISTOPHER HERWIG, and STANDARD ADVISORY SERVICES LIMITED, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

The Securities and Exchange Commission sued Greg Lindberg, Christopher Herwig, and Standard Advisory Services Limited alleging violations of federal securities laws. Early in the litigation, Mr. Herwig agreed to a judgment and permanent injunction. Doc. 49. Mr. Lindberg has since agreed to the same. Doc. 117. As to each, the only matters left for disposition are the amount of disgorgement and civil penalty. Doc. 49 § 2, Doc. 117 § 2.

The SEC has moved for summary judgment on liability as to defendant SASL. Doc. 105. SASL has not responded in opposition. There are no disputed questions of material fact, the undisputed evidence shows that SASL has violated § § 206(1) and (2) of the Advisers Act, 15 USC § 80b-6(1) and (2)(a)(11), and the SEC is entitled to summary judgment on liability as to their claim set forth in Count 1 of the complaint. *See* Doc. 1.

Section 206(2) prohibits an investment adviser from engaging "in any transaction,

practice, or course of business which operates as a fraud or deceit upon any client or prospective client." 15 U.S.C. § 80b-6.  A violation of Section 206(1) requires proof of *scienter*, which may be established by a showing of recklessness. *SEC v. Pirate Investor, LLC*, 580 F.3d 233, 241 (4th Cir. 2009); *SEC v. Peters*, No. 5:17-CV-630, 2021 WL 1112387, at *6 (E.D.N.C. Mar. 22, 2021). Negligence is sufficient to establish a violation of Section 206(2). *Robare Group, Ltd. v. SEC*, 922 F.3d 468, 472 (D.C. Cir. 2019); *Peters*, 2021 WL 1112387, at *6.

Here, it is undisputed that Mr. Lindberg and SASL were investment advisers. SASL admitted this in its answer, see, e.g., Doc. 40 at ¶ 4, and Mr. Lindberg admitted it when he pled guilty to conspiracy to commit investment adviser fraud.  Docs. 107.2, 107.3.  The undisputed evidence otherwise shows that Mr. Lindberg was engaged in the business of providing investment advice and making investment decisions.  He directed, managed, and controlled the investment decisions by SASL's advisory clients NC Insurance Companies and PBLA and was compensated for his advice.

Mr. Lindberg and Mr. Herwig engaged in extensive fraudulent schemes on SASL's behalf in connection with their work on behalf of NC Insurance Companies and PBLA. They have both admitted their frauds it in the consent judgments, and they have each pled guilty to crimes that establish their liability.  The evidence otherwise is undisputed and clear that they knowingly devised two fraudulent schemes, with scienter, which were designed to and did defraud SASL's advisory clients by funneling many millions of dollars to Mr. Lindberg and his other businesses for Mr. Lindberg's own benefit. One

involved the North Carolina insurance companies and the other involved PBLA. SASL has offered no evidence to the contrary.

It is undisputed that Lindberg and Herwig were high-ranking agents of SASL. A limited liability company like SASL can only act through its officers and agents, and, consequently, the acts of its officers and agents constitute the acts of SASL under basic principles of agency. The fraud to which Lindberg and Herwig pleaded guilty is therefore imputed to SASL, as is the scienter of those agents, and SASL is liable for those acts.

SASL has offered no evidence that creates a disputed question of material fact as to SASL's liability. Nor have they contested these basic legal propositions, all of which were fully and correctly outlined in the SEC's brief.

In the complaint, the SEC seeks permanent injunctive relief, disgorgement, and civil monetary penalties. The parties have informed the Clerk that they agree that these issues shall be resolved by the Court on motions by the parties simultaneously with the schedule set by the Court regarding the SEC's monetary claims against Defendant Lindberg. *See* Mar. 13, 2025 Text Order. The parties further agree that solely for the purposes of the parties' remedies motion against SASL, the uncontested facts set forth in the SEC's summary judgment motion and memorandum in support thereof shall be accepted as and deemed true by the Court. Docs. 105 and 106. If the Court has misunderstood the parties' agreements, they shall immediately notify the Clerk and promptly file a clarification or correction.

It is **ORDERED** that the plaintiff's motion for summary judgment as to Standard Advisory Services Limited, Doc. 105, is **GRANTED** and Defendant SASL is liable on

3

Count I of the SEC's Complaint, for violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), 80b-6(2).

It is further **ORDERED** that within ten business days of defendant Greg Lindberg's sentencing in the case *United States v. Lindberg*, No. 3:23-cr-48-MOC (W.D.N.C.), the parties shall submit a proposed schedule for briefing related to the SEC's claims for an injunction, disgorgement, and a civil penalty as to Defendant SASL. If sentencing has not occurred by August 1, 2025, the SEC **SHALL** file a status report.

In light of the entry of this Order, the case is **REMOVED** from the May 2025 trial calendar and all pretrial deadlines are **CANCELLED**.

SO ORDERED, this the 17th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE

4

Case 1:22-cv-00715-CCE-JEP    Document 118    Filed 03/17/25    Page 4 of 4